**MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants.**

**Consolidated Court No. 81–7–00901.**

United States Court of International Trade.

Oct. 13, 1983.

Frederick L. Ikenson, P.C., Washington, D.C. (Frederick L. Ikenson and J. Eric Nissley, Washington, D.C., of counsel), for defendant-intervenor Zenith Radio Corp.

U.S. Intern. Trade Com'n, Michael H. Stein, Gen. Counsel, Michael P. Mabile, Asst. Gen. Counsel, and Jane Katherine Albrecht, Washington, D.C., for defendant U.S.

Weil, Gotshal & Manges, New York City (A. Paul Victor, Stuart M. Rosen, Harry M. Davidow and David S. Friedman, New York City, of counsel), for plaintiffs Matsushita Elec. Indus. Co., Ltd., Matsushita Elec. Corp. of America, Panasonic Hawaii, Inc., and Panasonic Sales Co., a Div. of Matsushita Elec. of Puerto Rico, Inc., Victor Co. of Japan, Ltd. and US JVC Corp.

Sharretts, Paley, Carter & Blauvelt, P.C., New York City (Gail T. Cumins and Ned Marshak, New York City, of counsel), for plaintiffs Sanyo Elec. Co., Ltd., Sanyo Elec. Inc., and Sanyo Mfg. Corp.

*Motion for Rehearing Denied*

WATSON, Judge.

Defendant-intervenor, Zenith Radio Corporation (Zenith) has moved for rehearing of the Court's decision in *Matsushita Electric Industrial Co. Ltd., et al. v. United States, et al.,* 6 CIT ——, 569 F.Supp. 853 (1983). The International Trade Commission (ITC) has filed a memorandum in support of the motion for rehearing and plain-

tiffs have filed in opposition. The motion has given the Court cause to clarify the decision but it has not changed the Court's opinion that the correct decision is to reverse the ITC determination rather than to remand for further proceedings.

■ Remand has been urged for three reasons. The first is purely procedural—that the ITC did not make a separate, preliminary determination that circumstances had changed sufficiently to justify a review of its injury determination. In the Court's view, the changed circumstances determination is implicit in the very conduct of the administrative review. The text of the ITC determination also expressly recognizes the changes that had taken place in the circumstances of the U.S. television industry since the previous investigation. A remand for the purpose of now taking a foreordained procedural step would exalt form over substance and be an unfair and unjustifiable revival of the administrative process.

■ The second reason urged for remand is that the Court either found legal errors or developed unforeseen legal principles which, for their correction or application, normally require the agency to undertake further proceedings. The Court is of the opinion that all of its legal analyses were facets of its fundamental finding that the determination was not supported by substantial evidence. Thus, the legal significance derived by the Court from the ITC's finding of changed circumstances related solely to the insubstantial nature of the "evidence" utilized by the ITC. The Court found that the ITC could not make use of alleged failures by the Japanese interests to satisfy burdens of proof or alleged failures by them to overcome presumptions that they would resume exports at injurious levels. These basic conclusions as to what was defective about the "evidence" relied on by the ITC did not constitute new interpretations of key legal terms or principles which might have shown that the agency was misdirecting its investigative efforts and ought to be given an opportunity to investigate again. The ITC knew perfectly well what it was looking for. Its

determination that it had found a threat of injury was wrong simply because it was based on insubstantial presumptions, asserted failures to satisfy non-existent burdens, and speculations about future events.

The Court sees no comparison between this case and the propriety of remand in cases such as *F.P.C. v. Idaho Power Co.*, 344 U.S. 17, 73 S.Ct. 85, 97 L.Ed. 15 (1952) or *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656 (1940). The ITC determination was reversed because, after a complete administrative hearing, directed at the proper statutory objectives, the determination was not supported by substantial evidence.

■ This leaves us with the third category of reasons urged for remand, in which it is argued that the Court guessed at the ITC's reasons, or interpreted them, or took it upon itself to resolve contradictions between findings, rather than return the matter to the ITC for clarification of ambiguities or resolution of contradictions.

Although the ITC determination was not a model of directness and precision, the Court believes that, on the whole, it was intelligible. The Court further believes that it has accurately stated and analyzed the rationale of the determination. On one point, however, the Court now recognizes that its opinion was confusing; and it takes this opportunity to clarify the analysis.

The Court accepted the premise of the ITC that the significant segment of the U.S. production facilities now owned by the Japanese (the subsidiaries) was part of the U.S. industry. When the time came for the Court to express its views on the one scenario of injury which had some conceivable support (the second scenario), its reasoning became unfocused. In the analysis, it said that the surge of 13″ sets might be substantial evidence for a finding that the Japanese might supplement U.S. production of the subsidiaries in the short-term. The Court then made the fanciful point that this would be an aid, not an injury, given the fact that those whose production was being supplemented were part of the U.S. indus-

try. The Court then indicated that the scenario of supplemental importations might be inconsistent with the earlier findings (when the subsidiaries were included in the U.S. industry) that there was no special coordination between them and the Japanese producers.

The Court has reviewed that portion of the opinion and found that it does not clearly express the Court's view of the second scenario and leaves the impression that this scenario was found to be entirely supported by evidence and had the same validity as the decision to include the subsidiaries in the U.S. industry.

■ In reality, the Court reasons as follows: The determination to include the subsidiaries was properly made and soundly based. It was specifically based on a finding that there was no coordination between the subsidiaries and the Japanese producers. The ITC rejected a possible alternative view of the evidence presented by Vice Commissioner Calhoun. Consequently, there is no ground for viewing that basic finding as anything less than fully supported by substantial evidence.

■ On the other hand, the second scenario is not supported by substantial evidence to the extent of finding coordination between the Japanese producers and the subsidiaries. The surge of 13″ sets is only tentatively stated as support for a finding of coordination. Lacking a definiteness equivalent to the finding that there *was no coordination*, the initial finding of no coordination is given controlling importance by the Court. The necessity to engage in reasoning as to what would happen if subsidiaries were found to be coordinating less than fair value importations is thus eliminated, and the Court retracts that part of the opinion.

We are left with a finding, fully supported by the evidence, that there is *no* coordination between the subsidiaries and the Japanese producers, coupled with a prediction of injury which depends on coordination, but is not based on a *finding* of coordination.

In this situation, a remand is not called for to resolve a contradiction between the ITC findings because a contradiction does not exist. The first finding is clearly valid; the second prediction is not supported on the crucial fact of coordination.

It is now too late for Zenith to attack the ITC decision to include the subsidiaries in the U.S. industry. The proper time for that argument was in the original motion for review.

In sum, the Court is of the opinion that in this case remand would only serve to allow the ITC to correct a minor procedural irregularity or to allow the agency to search for evidence which it could have sought in the first proceeding, or to repair an injury finding which was defective and in conflict with another validly made determination. All of these would be improper and unfair uses of the remand technique.

For these reasons, the Motion for rehearing is DENIED.