JUICE FARMS, INC., Plaintiff–
Appellant,

v.

The UNITED STATES, Defendant–
Appellee.

No. 95–1103.

United States Court of Appeals,
Federal Circuit.

Oct. 20, 1995.

Robert G. Kalik, McDermott, Will & Emery, Washington, D.C., argued for plaintiff–appellant.

John J. Mahon, International Trade Field Office, Department of Justice, Commercial Litigation Branch, New York, New York, argued for defendant-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Joseph I. Leibman, attorney in charge. Of counsel was Karen P. Binder, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service.

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Customs Service denied Juice Farms, Inc.'s protest of liquidation of certain entries of frozen concentrated orange juice (orange juice). The United States Court of International Trade dismissed the protest under 28 U.S.C. §§ 1581(a) and 1581(i) (1994), because Juice Farms did not file a timely protest. Because Juice Farms filed its protest more than ninety days after the notice of liquidations, *see* 19 U.S.C. § 1514(c)(3) (1994) (recodifying 19 U.S.C. § 1514(c)(2)(A) (1988)), this court affirms.

## BACKGROUND

Juice Farms imports orange juice. From 1986 to 1991, it exclusively imported orange juice for a Brazilian producer, Citrosuco Paulista, S.A. (Citrosuco). On May 29, 1986, the Department of Commerce (Commerce) opened an antidumping investigation into Brazilian orange juice. 51 Fed.Reg. 20,321 (1986). On May 5, 1987, Commerce entered an antidumping duty order and proceeded to conduct three administrative review proceedings on Citrosuco's exports. 52 Fed.Reg. 16,426 (1987). Commerce considered Juice Farms a party related to Citrosuco.

From 1986 to 1992, the antidumping investigations and administrative reviews continued. Pending completion of the investigation, Commerce suspended liquidation of Juice Farms' orange juice entries. While suspension orders remained in effect, Customs erroneously liquidated twenty entries of Juice Farms' orange juice. These liquidations covered juice imported from June 1987 to May 1990. Customs issued bulletin notices on the twenty liquidations at the customshouse through which Juice Farms imported 50% of its orange juice.

Because Commerce had ordered suspension of liquidations on Brazilian orange juice, Juice Farms did not check for bulletin notices. Juice Farms learned of the liquidations in 1993, after the administrative review proceedings concluded. At that time, Juice Farms requested that Customs refund antidumping duty deposits for the twenty

entries. On July 13, 1993, Customs denied Juice Farms' refund request because the twenty entries were already liquidated. On October 4, 1993, Juice Farms protested the liquidations. Customs denied this protest as untimely.

Juice Farms filed suit in the Court of International Trade, challenging the erroneous liquidations. The Government sought dismissal of this suit because Juice Farms had not timely protested the liquidations. The Court of International Trade granted the Government's motion to dismiss on these grounds. Juice Farms appeals to this court.

## DECISIONS

■ This court reviews the Court of International Trade's decision to grant the Government's motion to dismiss *de novo* as a question of law. *See, e.g., Transpac Drilling Venture v. United States,* 16 F.3d 383, 387 (Fed.Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 79, 130 L.Ed.2d 33 (1994); *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir. 1991).

Jurisdiction under 28 U.S.C. § 1581(a)

■ Under the Government's challenge, Juice Farms bears the burden of proving jurisdiction. *Lowa, Ltd. v. United States,* 561 F.Supp. 441, 443 (Ct. Int'l Trade 1983), *aff'd,* 724 F.2d 121 (Fed.Cir.1984). The Court of International Trade has exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part." 28 U.S.C. § 1581(a).

To challenge the denial of a protest, the importer must file a protest within ninety days of a liquidation decision, otherwise that decision becomes final. 19 U.S.C. § 1514(a); *see Star Sales & Distrib. Corp. v. United States,* 663 F.Supp. 1127, 1128 (Ct. Int'l Trade 1986).

This case asks whether that time limit for protests applies to allegedly illegal liquidations. In this case, Customs apparently lacked authority to close any entries subject to a Commerce order suspending liquidations. This court must therefore address whether notice of such liquidations triggers the time limit on protests.

■ Liquidation is the "final computation or ascertainment of the duties or drawback

accruing on an entry." 19 C.F.R. § 159.1 (1995). The record in this case shows conclusively that Customs made a final computation of duties, thus liquidating the entries. Section 1514 of title 19 "contemplates that both the legality and correctness of a liquidation be determined, at least initially, via the protest procedure." *United States v. A.N. Deringer, Inc.*, 593 F.2d 1015, 1020 (CCPA 1979). Thus, all liquidations, whether legal or not, are subject to the timely protest requirement. Without a timely protest, all liquidations become final and conclusive under 19 U.S.C. § 1514. *Id.*

■ Customs posted bulletin notices of these liquidations at the customshouse. The bulletin notices supply sufficient notice and thus trigger the ninety-day period for protests. 19 C.F.R. § 159.9(b) (1995); *see also Goldhofer Fahrzeugwerk GmbH & Co. v. United States*, 885 F.2d 858, 860, 7 Fed.Cir. (T) 148, 150 (1989), *cert. denied*, 495 U.S. 918, 110 S.Ct. 1946, 109 L.Ed.2d 309 (1990).

Despite information from Customs and Commerce about suspension of these liquidations pending investigation, the bulletin notices adequately notified Juice Farms of the liquidations. Juice Farms failed to file a protest within ninety days of bulletin notice posting. Juice Farms' protest was untimely. The Court of International Trade properly dismissed this case for lack of jurisdiction.

■ Section 1581(i) of title 28 provides equitable relief in those cases where jurisdiction under the other subsections of section 1581 are "manifestly inadequate." *Conoco, Inc. v. United States Foreign–Trade Zones Bd.*, 18 F.3d 1581, 1584 (Fed.Cir.1994). In this case, however, Juice Farms did not show that the relief in 28 U.S.C. § 1581(a), if properly invoked, would have been inadequate, let alone manifestly inadequate. If Juice Farms had protested within ninety days of bulletin notices, it would have had an opportunity to protest the legality of Customs' liquidations in the Court of International Trade. As this court has stated, a remedy is not inadequate "simply because appellant failed to invoke it within the time frame it prescribes." *Omni U.S.A., Inc. v. United States*, 840 F.2d 912, 915, 6 Fed.Cir. (T) 99, 104, *cert. denied*, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988).

Juice Farms, the importer, bears the burden to check for posted notices of liquidation and to protest timely. *Omni U.S.A., Inc. v. United States*, 663 F.Supp. 1130, 1133 (Ct. Int'l Trade 1987), *aff'd*, 840 F.2d 912 (Fed. Cir.), *cert. denied*, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988). Juice Farms cannot circumvent the timely protest requirement by claiming that its own lack of diligence requires equitable relief under 28 U.S.C. § 1581(i).

The Supreme Court has set forth standards for tolling a statute of limitations in suits against the Government where the claimant has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). *Irwin*, however, does not aid Juice Farms in this case. *Irwin* would allow equitable tolling only if the Government tricked Juice Farms into missing the deadline. *Id. Irwin* also weighs Juice Farms' diligence in determining whether to toll a limitation period. *Id.*

■ In this case, the Government provided bulletin notices of Customs' admittedly premature liquidations. Juice Farms bore the burden of examining those notices and protesting within the statutory time limits. Juice Farms could have challenged the legality of the liquidations by timely filing a protest under 19 U.S.C. § 1514(a). *Deringer*, 593 F.2d at 1020. Juice Farms' own lack of diligence caused its untimely filing. Consequently, the Court of International Trade found that Juice Farms did not show entitlement to equitable tolling of the ninety-day limitations period.

### CONCLUSION

The Court of International Trade correctly dismissed Juice Farms' protest under 28 U.S.C. §§ 1581(a) and 1581(i).

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*