**Slip Op. 06-126**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| SAMUEL AARON, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Gregory W. Carman, Judge |
| v. | : | |
| | : | Court No. 03-00053 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

[For want of jurisdiction, this case is dismissed.]

*Serko & Simon LLP* (*Joel K. Simon, Christopher M. Kane, Jerome L. Hanifin*) New York, NY, for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen,* Director; *Jeanne E. Davidson*, Deputy Director; *Barbara S. Williams,* Attorney in Charge; *Jack S. Rockafellow*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Edward N. Maurer*, Of Counsel, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs & Border Protection, for Defendant.

Dated: August 17, 2006

**OPINION**

**CARMAN, JUDGE:** This Court heard oral argument on August 10, 2006, in this matter.

Plaintiff Samuel Aaron, Inc. ("Plaintiff" or "Samuel Aaron") brings this action under 19 U.S.C.

§ 1514(a)(5) (2000),[1] challenging the validity of the United States Customs Service's, now

---

[1]  19 U.S.C. § 1514(a)(5) provides, in relevant part:

> [D]ecisions of the Customs Service, including the legality of all orders and findings entering into the same, as to –

Bureau of Customs and Border Protection ("Customs" or "Defendant"), reliquidation of subject

entries. Before this Court are parties' cross-motions for summary judgment. In its cross-motion,

Defendant challenges this Court's jurisdiction. For the reasons stated herein, Plaintiff's motion

for summary judgment is denied and Defendant's motion for summary judgment is granted for

lack of jurisdiction.


## BACKGROUND

This action involves jewelry from Thailand. Certain merchandise from Thailand was

eligible for duty-free treatment under the Generalized System of Preferences[2] ("GSP"). On June

30, 1998, GSP expired. Stipulated Facts ¶ 1. On the same day, the Executive Office of the

President, Office of the United States Trade Representative, published a notice in the Federal

Register restoring GSP eligibility for subject entries effective as of July 15, 1998. Stipulated

Facts ¶ 2; *see Restoration of Preferential Tariff Treatment Under the Generalized System of*

*Preferences for Certain Articles from Thailand*, 63 Fed. Reg. 35,632 (USTR June 30, 1998)

---

. . .
(5)     the liquidation or reliquidation of an entry, or reconciliation as to
        the issues contained therein, or any modification thereof;
. . .
shall be final and conclusive upon all persons (including the United States
and any officer thereof) unless a protest is filed in accordance with this
section . . . within the time prescribed by [statute].

[2]  Pursuant to 19 U.S.C. § 2461 (2000), the President of the United States "may provide duty-free treatment for any eligible article from any beneficiary developing country in accordance with the provisions of this subchapter." For more information on the inception of GSP, see Thomas Graham, *The U.S. Generalized System of Preferences for Developing Countries: International Innovation and the Art of the Possible*, 72 Am. J. Int'l L. 513 (1978).

("Restoration Notice"). GSP, however, was not statutorily reinstated until four months later. On

October 21, 1998, Congress passed legislation providing for a one-year renewal of GSP to any

entry "of an article to which duty-free treatment . . . would have applied if such entry had been

made on July 1, 1998." Stipulated Facts ¶ 5. By law, retroactive refunds applied to entries that

were eligible for GSP on July 1, 1998. HQ 228645 (Feb. 1, 2002). However, the subject

merchandise at issue in this case was not accorded GSP eligibility until July 15, 1998.

*Restoration Notice*, 63 Fed. Reg. at 35,632. Because subject merchandise did not obtain GSP

eligibility until July 15, 1998, such merchandise was not eligible for the retroactive GSP refunds

provided by statute. Customs acknowledged this discrepancy:

> We do recognize that the [*Restoration Notice*] is contrary to the statutory language
> on retroactivity. However, we cannot allow retroactivity, for the subject
> merchandise, as we are bound by the language of statute. Furthermore, there is no
> indication that the [*Restoration Notice*] was ever modified in any way, in order for
> the subject merchandise to be eligible for retroactive GSP treatment.

HQ 228645.

Plaintiff filed sixty-six paperless entries at the port of New York between August 10,

1998, and October 22, 1998. Stipulated Facts ¶ 4. On November 13, 1998, and December 11,

1998, Customs liquidated the subject entries duty-free pursuant to GSP. Stipulated Facts ¶ 6-7.

On January 29, 1999,[3] the Customs Director of Trade Agreements issued a memorandum

to the Port Director directing reliquidation of erroneous refunds issued for the subject entries.

Stipulated Facts ¶ 8; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") at

Ex. 3. On February 8, 1998, "Customs placed a document in a notebook or binder in the room

---

[3] Although this document does not reflect a date, this Court accepts parties' stipulation as
to this fact.

used by Customs at the Port of New York for making its bulletin notices of liquidation or
reliquidation available to the public." Stipulated Facts ¶ 9. For simplicity's sake, parties have
deemed this document the "offline" bulletin notice. Pl.'s Revised Statement of Material Facts
("Pl.'s Facts") ¶ 12; Def.'s Revised Statement of Undisputed Material Facts ("Def.'s Facts")
¶ 16.

Pursuant to 19 U.S.C. § 1501 (2000)[4], Customs may voluntarily reliquidate an entry.
This ninety-day reliquidation period applicable to subject entries ended on February 11, 1999,
and March 11, 1999, depending on the date of original liquidation. Stipulated Facts ¶¶ 10, 12.
On March 2, 1999, Customs issued a memorandum to "Importers, Broker and Other Interested
Parties" stating that "refunds had been erroneously issued with respect to jewelry from Thailand
entered between July 1 and October 20, 1998. The memorandum states that importers 'will be
billed for the appropriate Customs duties and interest.'" Stipulated Facts ¶ 11. During the week
of April 12, 1999, Customs ran a computer script on the subject entries in its Automated
Commercial System ("ACS"). Stipulated Facts ¶ 13. On April 30, 1999, "ACS generated bills
to plaintiff for increased duties for the entries at issue." Stipulated Facts ¶ 15.

---

[4] 19 U.S.C. § 1501 states:

> A liquidation made in accordance with section 1500 of this title or any
> reliquidation thereof made in accordance with this section may be
> reliquidated in any respect by the Customs Service, notwithstanding the
> filing of a protest, within ninety days from the date on which notice of the
> original liquidation is given or transmitted to the importer, his consignee
> or agent. Notice of reliquidation shall be given or transmitted in the
> manner prescribed with respect to original liquidations under section
> 1500(e) of this title.

Furthermore:

> ACS generated bulletin notice of liquidation that included the entries at issue.  On
> this date, Customs put the bulletin notice of liquidation in a binder that was marked
> to indicate that it contained April 30, 1999 bulletin notices of liquidation.  The
> binder was placed by Customs in the room used by the Port of New York for
> making its bulletin notices of liquidation or reliquidation available to public.  No
> red-line or other notation was made on the April 30, 1999 bulletin notice of
> liquidation for the entries at issue to indicate that (re)liquidation had been made on
> another date.

Stipulated Facts ¶ 14.  On July 29, 1999, Plaintiff filed a protest to dispute the increased duties

on the subject entries.  Stipulated Facts ¶ 16.  The actual bulletin notices posted in the Port of

New York Customhouse were destroyed on September 11, 2001.  Pl.'s Facts ¶ 26; Def.'s Facts ¶

27.  On August 23, 2002, Customs denied this protest.  Stipulated Facts ¶ 17.  On February 10,

2003, Plaintiff commenced this action.  Stipulated Facts ¶ 18.

## PARTIES' CONTENTIONS

### Plaintiff's Contentions

Plaintiff claims this Court has jurisdiction under 28 U.S.C. § 1581(a) (2000).[5]  Compl.

¶ 1;  Pl.'s Facts ¶ 1.  Plaintiff contends its protest was timely filed.  Pl.'s Facts ¶ 3.  Plaintiff

admits that "[a]t some time after December 11, 1998, the Port of New York posted an 'off-line

bulletin notice of reliquidation' of the entries at issue."  Pl.'s Facts ¶ 12.  Plaintiff asserts,

however, that the February 8, 1999, offline bulletin notice "had no legal impact as it was neither

_____

[5]  28 U.S.C. § 1581(a) provides:

> The Court of International Trade shall have exclusive jurisdiction of any
> civil action commenced to contest the denial of a protest, in whole or in
> part, under section 515 of the Tariff Act of 1930.

on the official bulletin notice of liquidation Customs Form 4333, nor was it the result of a

calculation to determine the amount of duties owing on the goods on the entries at issue."  Pl.'s

Resp. to Def.'s Revised Statement of Undisputed Material Facts ("Pl.'s Resp. to Def.'s Facts")

¶ 12.  Although conceding that even the ACS-generated bulletin notices are not printed on

Customs Form 4333, Plaintiff asserts that the April 30, 1999, ACS-generated bulletin notice has

the requisite identification of "CF 4333."  Oral Argument Tr. 30:1-24, Aug. 10, 2006.  In further

support of its position, Plaintiff urges that the February 8, 1999, offline bulletin notice was not

posted in a "conspicuous place" as required by 19 C.F.R. § 159.9(b) (1999).[6]  Pl.'s Mem. at 25-

27.

Plaintiff also posits that Customs failed to follow its own procedure of redlining the April

30, 1999, ACS-generated bulletin notice to indicate that the subject entries had been previously

reliquidated.  Pl.'s Resp. to Def.'s Facts ¶ 28.  Plaintiff offers that the final computation or

ascertainment necessary for liquidation occurred the week of April 12, 1999, when the "script"

was run in the ACS.  Pl.'s Resp. to Def.'s Facts ¶ 21.  Accordingly, Plaintiff insists that the April

30, 1999, ACS-generated bulletin notice was the legal reliquidation date.  *Id*.  Because the

original liquidations occurred on November 13, 1999, and December 11, 1999, Plaintiff surmises

---

[6] 19 C.F.R. § 159.9(b) requires:

> *Posting of bulletin notice*.  The bulletin notice of liquidation shall be
> posted for the information of importers in a conspicuous place in the
> customshouse at the port of entry . . . or shall be lodged at some other
> suitable place in the customhouse in such a manner that it can readily be
> located and consulted by all interested persons, who shall be directed to
> that place by a notice maintained in a conspicuous place in the
> customhouse stating where notices of liquidation of entries are to be
> found.

that Customs' attempt to reliquidate subject entries was outside the scope of the ninety-day limit

for voluntary reliquidation.  *See* 19 U.S.C. § 1501; 19 C.F.R. § 173.3 (1999).[7]  Therefore,

Plaintiff advances that this Court has jurisdiction to hear this matter, pleads for favorable

judgment by determining that Customs' April 30, 1999, reliquidation of the subject entries was

statutorily void, and prays for duty-free reliquidation of said entries.

**Defendant's Contentions**

Defendant contends that this Court does not have jurisdiction to hear this matter because

"the protest was filed more than 90 days after reliquidation of the subject entries on February 8,

1999."  Def.'s Facts ¶ 1.  Because the protest was not timely filed, Customs maintains that it was

properly denied.  Def.'s Facts ¶ 3.  Defendant claims that the offline reliquidation of February 8,

1999, was valid.  Mem. in Supp. of Def.'s Cross-Mot. for Summ. J. and Opp'n to Pl.'s Mot. for

Summ. J. ("Def.'s Mem.") at 3.  Defendant asserts that it had "ascertained the duties on each

entry prior to posting the off-line bulletin notice of liquidation."  Ryan Decl. ¶¶ 7-8; Def.'s Facts

¶ 19.  Furthermore, Defendant declares that "a procedure already existed in 1974 to reliquidate an

---

[7] 19 C.F.R. § 173.3 states:

> (a) *Authority to reliquidate.*  The port director within 90 days from the date of notice of original liquidation is given to the importer, consignee, or agent, may reliquidate on his own initiative a liquidation or a reliquidation to correct errors in appraisement, classification, or any other element entering into the liquidation or reliquidation, including errors based on misconstruction of applicable law.  A voluntary reliquidation may be made even though a protest has been filed, and whether the error is discovered by the port director or is brought to his attention by an interested party.
> (b) *Notice of reliquidation.*  Notice of a voluntary reliquidation shall be given in accordance with the requirements for giving notice of the original liquidation.

entry 'off-line' if necessary, and to post an 'off-line' bulletin notice, in order to complete a

reliquidation within a statutory time period . . . . Off-line bulletin notices thus have been posted

at New York going back well over 30 years."  Ryan Supplemental Decl. ¶¶ 2, 3.  Defendant

explains that offline bulletin notices are "maintained in the same room used by the Port of New

York for making its bulletin notices of liquidation or reliquidation available to the public."

Def.'s Facts ¶ 14; *see also* Chmura Decl. ¶¶ 3-4.

Although conceding that the February 8, 1999, offline bulletin notice lacks the

identification "CF 4333" as noted on the April 30, 1999, ACS-generated bulletin notice,

Defendant argues that the offline bulletin notice contains all the substantive information required

on Customs Form 4333.  Reply to Pl.'s Resp. to Def.'s Cross-Mot. for Summ. J. ("Def.'s Reply")

at 7.  Defendant reasons that the offline bulletin notice "bears the same title and each and every

one of [the] six data elements of the form . . . . [I]t is clear, that the February 8, 1999, Bulletin

Notice of Liquidation is, in fact, a form which contains all the required Form 4333 information."

*Id*.

In addition, Defendant concedes that it failed to redline the April 30, 1999, ACS-

generated bulletin notice but stresses "this concession is not material and does not impact our

position, as the entries had already been liquidated on February 8, 1999."  *Id*. at 10.  Defendant

contends that the April 30, 1999, ACS-generated notice "reflected the issuance of bills on that

date on the entries reliquidated on February 8, 1999."  *Id*.  Therefore, Defendant submits that this

Court lacks jurisdiction because Plaintiff's protests were untimely and insists this case should be

dismissed.

**STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." USCIT R. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). On a motion for summary judgment, the moving party bears the burden of proving that there is no genuine issue of material fact that would preclude judgment in its favor. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). However, the party opposing the motion for summary judgment may not rest on its pleadings. *Ugg Int'l, Inc. v. United States*, 17 CIT 79, 83, 813 F. Supp. 848 (1993). Rather, the nonmovant must present "specific facts" that establish a genuine issue of triable fact. *Id*. Further, "[t]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion," *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), and the court "must resolve all doubt over factual issues in favor of the party opposing summary judgment" *SRI*, 775 F.2d at 1116. The threshold issue for any court, however, begins with jurisdiction.

## JURISDICTION

Statute dictates this Court's jurisdiction. Defendant challenges this Court's jurisdiction over this matter. Upon challenge, the plaintiff bears the burden of demonstrating that jurisdiction exists. *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995). Plaintiff claims this Court has jurisdiction pursuant to 28 U.S.C. § 1581(a). Defendant counters that Plaintiff's claim was not timely protested. A prerequisite for an importer to challenge the denial of a protest in this court is that the importer must have filed a timely protest. *Juice Farms*, 68 F.3d at 1345; *see also* 19 U.S.C. § 1514(a). For the reasons stated herein, this Court holds that the February 8, 1999, offline bulletin notice of liquidation was valid, and accordingly, this Court does not have jurisdiction to hear this matter.

## DISCUSSION

This case is rife with unfortunate facts. The lapse and retroactivity of GSP initiated the original confusion and the terrorist attacks of September 11, 2001, further fueled the irregularities. Upon examination of the motion papers and further elaboration during oral argument, the facts were presented to this Court. The linchpin issue, which also decides the issue of jurisdiction, is whether there was a valid reliquidation of the subject entries on February 8, 1999.[8]

---

[8] At issue in this case is the notice of reliquidation, not the notice of original liquidation. However, reliquidation notice has the same requirements as liquidation notice pursuant to 19 U.S.C. § 1501 and 19 C.F.R. § 173.3( b). Throughout this opinion, bulletin notice of liquidation is used as it follows the statutory and regulatory language, but it shall be understood to mean bulletin notice of reliquidation in this case.

"Liquidation means the final computation or ascertainment of the duties or drawback accruing on an entry." 19 C.F.R. § 159.1 (1999) (emphasis omitted). Customs asserts that "[a]t the time of reliquidation, the Customs officers knew that the entries were being reliquidated for the purpose of assessing the duty that had been erroneously refunded for the merchandise entered under subheading 7113.19.5000 [Harmonized Tariff Schedule of the United States]." HQ 228645. Defendant provided the reliquidation amount in a Customs official's declaration:

> [T]he only change was that the applicable duty rate was reverting from 0% as liquidated back to the entered rate and amount of duties at 16.3% <u>ad val</u>. under Subheading 7113.11.20 or at 5.7% <u>ad val</u>. under Subheading 7113.19.50 . . . . Customs had ascertained the duties on each entry prior to posting the off-line bulletin notice of liquidation.

Ryan Decl. ¶¶ 7-8. Furthermore, this Court notes that two memoranda concerning erroneous refunds are part of the record – the January 29, 1999, memorandum from the Customs Director of Trade Agreements to the Port Director, and the March 2, 1999, memorandum to "Importers, Brokers and Other Interested Parties" – that provide evidence of the reliquidated amount as the refund reversion. Stipulated Facts ¶¶ 8, 11. This Court finds that the Customs officials' knowledge of the reliquidated amount is sufficient to satisfy 19 C.F.R. § 159.1. Furthermore, Customs gave notice of the reliquidation action because the February 8, 1999, offline bulletin notice contained the words "RELIQUIDATION – INCREASE" applicable to all entries. Pl.'s Mem. at Ex. 9.

The next element to effect a valid liquidation is posting of the bulletin notice of liquidation. It is well-established that the posting of a legally sufficient notice serves as the date of the liquidation. *Tropicana Prod., Inc. v. United States*, 909 F.2d 504, 506 (Fed. Cir. 1990).

Sufficient posting is accomplished "by posting the bulletin notice in a conspicuous place in the

Customhouse or by lodging it in some other suitable place in the Customhouse where it can be

readily located by interested persons directed to that place by a notice maintained in a

conspicuous place that states where notices of liquidation can be found." *Frederick Wholesale*

*Corp. v. United States*, 6 CIT 306, 309, 585 F. Supp. 640 (1983) (citing 19 C.F.R. § 159.9), *aff'd*,

754 F.2d 349 (Fed. Cir. 1985). If the importer could not have reasonably been misled or

confused by the posted bulletin notice of liquidation, then notice is legally sufficient. *Goldhofer*

*Fahrzeugwerk GMBH & Co. v. United States*, 13 CIT 55, 56, 706 F. Supp. 892 (1989) (citation

and quotation omitted). Because the February 8, 1999, offline document was titled "Bulletin

Notice of Liquidation," contained the words "RELIQUIDATION – INCREASE" applicable to

each entry, and lodged in the customhouse room where all bulletin notices were kept, this Court

finds that it was a legally sufficient posting.

Customs promulgated a regulation to govern the procedure for liquidation, 19 C.F.R.

§ 159.9.[9] This regulation includes the form to be used and information to be supplied to effect a

valid liquidation. Section 159.9(a) includes the words "Customs Form 4333." This Court notes

---

[9] 19 C.F.R. § 159.9 provides, in relevant part:

> (a) *Bulletin notice of liquidation*. Notice of liquidation of formal entries
> shall be made on a bulletin notice of liquidation, Customs Form 4333.
> . . .
> (c) *Date of liquidation* – (1) *Generally*. The bulletin notice of liquidation
> shall be dated with the date it is posted or lodged in the customhouse for
> the information of importers. This posting or lodging shall be deemed the
> legal evidence of liquidation. For electronic entry summaries, the date of
> liquidation will be the date of posting of the bulletin notice of liquidation.
> Customs will endeavor to provide the filer with electronic notification of
> this date as an informal, courtesy notice of liquidation.

that both parties concede that neither the ACS-generated nor offline bulletin notices are printed

on Customs Form 4333. Def.'s Reply at 6-7; Oral Argument Tr. 30:14-15. This Court compared

Customs Form 4333, the February 8th offline bulletin notice, and the April 30th ACS-generated

bulletin notice. This Court finds that both notices contain substantially the same information that

is required on Customs Form 4333 – a title indicating bulletin notice of liquidation with columns

for entry type, entry number, entry date and importer. *Compare* Ryan Supplemental Decl.

Attach. *with* Pl.'s Mem. at Ex. 9. Furthermore, the February 8th offline bulletin notice and April

30th ACS-generated bulletin notice have strikingly similar computer-generated formats with a

title at the top of the document and the entry information listed in columns. An importer looking

at the February 8th offline bulletin notice "could [not] have reasonably been misled or confused

by the bulletin notice of liquidation, as posted," (bracketing original), and therefore such

"[n]otice is legally sufficient." *Goldhofer Fahrzeugwerk*, 13 CIT at 56.

This Court acknowledges that the April 30th ACS-generated bulletin notice includes "CF

4333 " in the top left-hand corner and that such identification is missing from the February 8th

offline bulletin notice. Although this is administratively sloppy,[10] this Court cannot say that the

February 8, 1999, offline bulletin notice of liquidation was a legally insufficient or fatally

_____

[10] This Court also notes that Customs Standard Operating Procedure RL&P 91-1 states:

> Where it is necessary to post an offline bulletin, CF 4333 will be used.
> The form will be dated with the date of posting and will contain the
> importer's name, entry number and liquidation action – Increase, Refund,
> No Change, Reliquidation (with action, e.g., Increase).

Pl.'s Mem. at Ex. 6. This Court reminds Customs that it has the duty to follow its own
regulations and procedures. If an agency cannot adhere to its existing regulations and
procedures, it is incumbent upon such agency to effect legal revision.

defective notice.  This Court notes that there is no evidence that Plaintiff attempted to examine any postings in the customhouse during the relevant time.  Def.'s Reply at 6.  It is an established principle in customs law that the importer bears the burden of examining notices and protesting within the statutory time limit.  *Juice Farms*, 68 F.3d at 1346.  Based upon the facts at hand, this Court finds that Customs' facial error of the missing term "CF 4333 "on the February 8, 1999, offline bulletin notice was harmless.

Defendant points out Customs' offline bulletin notice procedure dates back well over thirty years.  Ryan Supplemental Decl. ¶¶ 2-3; *see also* DiSalvo Decl. ¶ 4.  There is no dispute that on February 8, 1999, "Customs placed a document in a notebook or binder in a room used by Customs at the Port of New York for making its bulletin notices of liquidation or reliquidation available to the public."  Stipulated Facts ¶ 9.  Upon examination of the February 8, 1999, document, this Court finds that this document is a sufficient bulletin notice of liquidation because it substantially complies with 19 C.F.R. § 159.9.  "Brokers, importers, counsel, sureties, and other interested parties have had the same access to off-line bulletin notices as they have had to the 'regular' bulletin notices."  Ryan Supplemental Decl. ¶ 3.  The onus of diligence, thus, rests upon the importer.  *See Juice Farms*, 68 F.3d at 1346.  Consequently, the posting of the offline bulletin notice deems the date of reliquidation of the subject entries as February 8, 1999.

Because the reliquidation date occurred on February 8, 1999, this Court finds that Customs was within the statutory time limit for voluntary reliquidation pursuant to 19 U.S.C. § 1501.  Notwithstanding the irregularities riddling this case, this court has traditionally refused to elevate form over substance.  *See, e.g., UST, Inc. v. United States*, 11 CIT 111, 114 (1987);

*Matsushita Elec. Indus. Co., Ltd. v. United States*, 6 CIT 187, 188, 573 F. Supp. 122 (1983).

Because Plaintiff's protest date of July 29, 1999, was beyond the statutory limit to file a timely

protest, this Court does not have jurisdiction to entertain this matter.

CONCLUSION

For the reasons stated herein, this Court holds that Customs' February 8, 1999, offline

bulletin notice of liquidation was valid and that Plaintiff failed to timely protest.  Therefore,

Plaintiff's motion for summary judgment is denied and Defendant's motion for summary

judgment is granted for lack of jurisdiction.  Henceforth, this case is dismissed.  Judgment will

be entered accordingly.

      /s/ Gregory W. Carman
      Gregory W. Carman

Dated: August 17, 2006
      New York, New York

# ERRATUM

*Samuel Aaron, Inc. v. United States*, Court No. 03-00053, Slip-Op. 06-126, dated August 17, 2006:

Page 3, last line, change "1998 " to "1999"

August 18, 2006