UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------x
AMERICAN SIGNATURE, INC.,      :
                               :
          Plaintiff,           :
                               :    Before: Pogue, Judge
          v.                   :    Court No. 06-00252
                               :
UNITED STATES,                 :
                               :
          Defendant,           :
                               :
AMERICAN FURNITURE MFRS.       :
COMM. FOR LEGAL TRADE          :
                               :
          Defendant-           :
             Intervenors       :
                               :
------------------------------x
```

[Defendant's motion to dismiss granted; judgment of dismissal entered.]

Dated: February 14, 2007

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (Paul G. Figueroa, Bruce M. Mitchell, Mark E. Pardo, William F. Marshall) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; Jeanne Davidson, Acting Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera); Natasha C. Robinson, Attorney, Of Counsel, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for the Defendant.

King & Spalding, LLP (Joseph W. Dorn, Stephen A. Jones, Jeffrey M. Telep, J. Michael Taylor) for the Defendant-Intervenor.

**OPINION AND ORDER**

**Pogue, Judge:** Plaintiff, American Signature, Inc., ("ASI"), asserting jurisdiction pursuant to 28 U.S.C. § 1581(i)("section

1581(i)")[1], appeals the prospective application by the Department of Commerce ("Commerce") of amended antidumping duty rates resulting from ministerial error corrections, and specifically Commerce's refusal to instruct the United States Bureau of Customs and Border Protection ("Customs" or "CBP") to refund cash deposit overpayments for entries made between June 24, 2004 and August 4, 2004 and between November 17, 2004 and January 4, 2005. Defendant, the United States, pursuant to USCIT R. 12(b)(1), moves to dismiss this action and dissolve the preliminary injunction, claiming a lack of subject matter jurisdiction. The court finds that Plaintiff has failed to properly utilize jurisdiction available under 28 U.S.C. § 1581(c), and, accordingly, this action must be dismissed.

**BACKGROUND**

**A.**

"[T]he United States uses a 'retrospective' assessment system under which final liability for antidumping and countervailing duties is determined after merchandise is imported." 19 C.F.R. § 351.212(a);[2] see also Hebei New Donghua Amino Acid Co. v. United States, 29 CIT __, __, 374 F. Supp. 2d 1333, 1339 (2005). In this

---

[1] All references to the United States Code ("U.S.C.") are to the 2000 edition.

[2] All references to the Code of Federal Regulations ("C.F.R.") are to the 2005 edition.

regime, during the course of an antidumping duty investigation conducted pursuant to section 732, et seq. of the Tariff Act of 1930, 19 U.S.C. §§ 1673a et seq., Commerce may estimate at various times the rate of antidumping duty that will ultimately be assessed.  See Decca Hospitality Furnishings LLC v. United States, 30 CIT __, __, 427 F. Supp. 2d 1249, 1251 (2006).  The first of such estimates follows an affirmative preliminary determination that dumping has occurred.  Id.; 19 U.S.C. § 1673b(d).  "Pursuant to this initial estimate, Commerce instructs [Customs] to collect estimated duties, sometimes referred to as 'cash deposits,' on entries of the merchandise that is subject to investigation." Decca Hospitality, 30 CIT at __, 427 F. Supp. 2d at 1251; 19 U.S.C. § 1673b(d)(1)(B); 19 U.S.C. § 1673e(a)(1); Mitsubishi Elecs. Am., Inc. v. United States, 44 F. 3d 973, 976-77 (Fed. Cir. 1994). At the completion of its investigation, Commerce issues a final determination, and antidumping duty order, in which it may (and frequently does) adjust its initial estimate.  Decca Hospitality, 30 CIT at __, 427 F. Supp. 2d at 1251. In addition, Commerce's regulations permit correction of "ministerial errors" after a final determination. 19 C.F.R. § 351.224(e).  Such corrections may again alter a cash deposit rate.

The process of an "administrative review," is the means by which the actual liability faced by the importers is established. See 19 C.F.R. § 351.213(a) ("Although duty liability may be

determined in the context of other types of reviews, the most frequently used procedure for determining final duty liability is the administrative review procedure under section 751(a)(1) of the Act."); see also Mukand Int'l, Ltd. v. United States, Appeal No. 06-1259 at 2-3 (Fed. Cir. Feb. 6, 2007).

Neither statute nor regulation requires an administrative review. Rather, administrative reviews are conducted either when they are requested by an interested party or when the Secretary of Commerce self-initiates such a review. 19 C.F.R. § 351.213.

If an administrative review is conducted, and Commerce determines that the estimated liability, in the form of cash deposits, is less than the actual liability, the importer is required to pay the difference between the actual and estimated liabilities, plus interest. 19 U.S.C. §§ 1673f(b)(1), 1677g. Conversely, if the estimated liability, in the form of cash deposits, is greater than the actual liability, then Customs refunds the difference plus interest to the importers. 19 U.S.C. §§ 1673f(b)(2), 1677(g). This procedure establishes that the liquidation rate is the same as the final duty liability as determined by the administrative review.

In the event an administrative review is not conducted, however, the procedure for establishing the rate at which the goods will be liquidated differs. In such an instance, in

accordance with 19 C.F.R. § 351.212(c)(1)(i),[3] Commerce instructs Customs to liquidate the entries at the rate equal to the cash deposit required on the merchandise at the time of entry.  See Consol. Bearings Co. v. United States, 348 F. 3d 997, 1000 (Fed. Cir. 2003)("Without a request for administrative review, Commerce liquidates the merchandise at the cash deposit rates (i.e., the deposit rates at the time of entry.)")[4];  Mitsubishi Elecs. Am. v. United States, 44 F. 3d at 975 (Commerce automatically assesses antidumping duties if no party requests a review); cf. Consol. Bearings Co. v. United States, 412 F. 3d 1266, 1268 (Fed. Cir. 2005) (affirming Commerce's practice to treat resellers as it would any company that has not been subject to an administrative review

------

[3]19 C.F.R. § 351.212(c)(1)(i)reads:

(c)Automatic assessment of antidumping and countervailing duties if no review is requested.
(1) If the Secretary does not receive a timely request for an administrative review of an order . . . the Secretary, without additional notice, will instruct the Customs Service to:
(i) Assess antidumping duties or countervailing duties, as the case may be, on the subject merchandise described in § 351.213(e) at rates equal to the cash deposit of, or bond for, estimated antidumping duties or countervailing duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption . . . .

19 C.F.R. § 351.212(c)(1)(i).

[4]As the court has noted here, Commerce does not in fact liquidate the entries, but rather, instructs Customs to liquidate the entries, providing the rate at which to do so.

"and [assess] a duty at the rate required on the merchandise at the time of entry.").

**B.**

This case arises from Commerce's antidumping duty investigation, initiated in December, 2003, of wooden bedroom furniture from the People's Republic of China ("PRC"). See Wooden Bedroom Furniture from the People's Republic of China, 68 Fed. Reg. 70,228 (Dep't Commerce Dec. 17, 2003)(initiation of antidumping duty investigation). Commerce published the preliminary determination from this investigation on June 24, 2004, in which it established a 19.24% cash deposit rate calculated for Rui Feng Woodwork Co., Rui Feng Lumber Development Co., Ltd, and Dorbest, Ltd. (collectively "Dorbest"), unaffiliated Chinese suppliers of ASI, which is, in turn, an importer of Dorbest's products. Wooden Bedroom Furniture from the People's Republic of China, 69 Fed. Reg. 35,312, 35,327 (Dep't Commerce June 24, 2004)(notice of preliminary determination of sales at less than fair value and postponement of final determination)("Preliminary Determination").

Based on the preliminary determination, on June 30, 2004, Commerce issued instructions to Customs to collect an estimated duty deposit of 19.24% for all entries of subject merchandise exported by Dorbest and entered for consumption on or after June 24, 2004. See Message No. 4182201 from Commerce to CBP Re:Preliminary Determination in the AD Duty Investigation of Wooden

Bedroom Furniture From China (A-570-890)(June 30, 2004), Amended

Public Record, Ex. 8 ("A.P.R.").

After the publication of the preliminary determination,

pursuant to 19 C.F.R. § 351.224(c)and(e),[5] interested parties to

---

[5] In relevant part, those sections provide:

(c) Comments regarding ministerial errors--

(1) In general. A party to the proceeding to whom the
Secretary has disclosed calculations performed in
connection with a preliminary determination may submit
comments concerning a significant ministerial error in
such calculations. A party to the proceeding to whom
the Secretary has disclosed calculations performed in
connection with a final determination or the final
results of a review may submit comments concerning any
ministerial error in such calculations. Comments
concerning ministerial errors made in the preliminary
results of a review should be included in a party's
case brief.

(e) Corrections. The Secretary will analyze any
comments received and, if appropriate, correct any
significant ministerial error by amending the
preliminary determination, or correct any ministerial
error by amending the final determination or the final
results of review (whichever is applicable). Where
practicable, the Secretary will announce publicly the
issuance of a correction notice, and normally will do
so within 30 days after the date of public
announcement, or, if there is no public announcement,
within 30 days after the date of publication, of the
preliminary determination, final determination, or
final results of review (whichever is applicable). In
addition, the Secretary will publish notice of such
corrections in the Federal Register. A correction
notice will not alter the anniversary month of an order
or suspended investigation for purposes of requesting
an administrative review (see § 351.213) or a new
shipper review (see § 351.214) or initiating a sunset
review (see § 351.218).

(continued...)

the investigation submitted allegations that Commerce's preliminary determination contained ministerial errors.[6]   In response, on August 5, 2004, Commerce published an Amended Preliminary Determination which corrected acknowledged ministerial errors in the original preliminary deposit rates, reducing Dorbest's preliminary margin to 11.85%.   See Wooden Bedroom Furniture from the People's Republic of China, 69 Fed. Reg. 47,417, 47,418 (Dep't Commerce Aug. 5, 2004)(notice of amended preliminary antidumping duty determination of sales at less than fair value) ("Amended Preliminary Determination").

Accordingly, on August 18, 2004, Commerce issued revised instructions directing Customs to collect a cash deposit at the rate of 11.85% for all entries of subject merchandise exported by Dorbest and entered for consumption on or after August 5, 2004. See Message No. 4231201 from Commerce to CBP Re: Amended Cash

_____

[5](...continued)
19 C.F.R. § 351.224(c) and (e).


[6]Among the ministerial errors alleged by Dorbest was Commerce's inclusion of scrap wood and scrap cardboard as inputs, rather than subtraction of  these items as by-products in calculating Dorbest's factors of production in computing Dorbest's preliminary margin.  Commerce did not correct that alleged ministerial error.  Memorandum from James H. Jochum to Jeffrey A. May, Issues and Decision Memorandum for the Less-Than-Fair-Value Investigation of Wooden Bedroom Furniture from the People's Republic of China, at 231-233 (Cmt. 33), Dep't of Commerce (November 8, 2004), A.P.R. Ex. 5, available at http://ia.ita.doc.gov/frn/summary/prc/04-25507-1.pdf ("Issues & Decision Mem.").

Deposit Instructions for Wooden Bedroom Furniture, From the People's Republic of China (A-570-890)(August 18, 2004), A.P.R., Ex. 9.

After the publication of the Preliminary Determination and the Amended Preliminary Determination, Fairmont Designs, Inc. ("Fairmont"), a similarly-situated party to the investigation,[7] and a party to the companion case No. 06-00249, requested that Commerce issue instructions to Customs to retroactively assess duties at the amended rate, and to return all excess cash deposits and release all excess bonds immediately.

On November 17, 2004, Commerce issued its final determination for this antidumping duty investigation, in which Dorbest's dumping margin rate was calculated to be 16.70%. See Wooden Bedroom Furniture from the People's Republic of China, 69 Fed. Reg. 67,313, 67,317 (Dep't Commerce Nov. 17, 2004)(final determination of sales at less than fair value)("Final Determination").

This determination was adopted and accompanied by the "Issues and Decision Memorandum" for the Less-Than-Fair-Value Investigation of Wooden Bedroom Furniture from the People's Republic of China. Issues & Decision Mem., A.P.R. Ex. 5. In the Issues & Decision Mem., Commerce rejected Fairmont's request that Commerce instruct

---

[7]Fairmont is also an importer of wooden bedroom furniture from the People's Republic of China. Neither ASI nor Dorbest submitted a case brief to Commerce contesting the prospective, but not retrospective, application of the 11.85% cash deposit rate.

Customs to assess duties at the newly amended rate which had been corrected for ministerial errors, not only prospectively but retrospectively (for the period of June 24, 2004 through September 9, 2004). Issues & Decision Mem., A.P.R. Ex. 5 at 336-337 (Cmt. 76).

In rejecting Fairmont's request, Commerce pointed to the statutory and regulatory scheme that permits parties to obtain recourse for the overpayment of duties and interest. Commerce explained that 19 U.S.C. § 1675(a) allows parties to request an administrative review, and that 19 U.S.C. § 1673f allows parties to "obtain interest on overpayment of such duties based on the results of [the administrative] review." Id. According to Commerce, these sections together provide the appropriate avenue "for parties to obtain accurate assessment of duties where they believe there is a difference between the deposit of estimated antidumping duties and final assessment of antidumping duties." Id. at 337. As Defendant noted in its brief, "[t]he agency's determination was equally applicable to Fairmont Designs, Dorbest, and any other interested party that believed it was entitled to a refund of any excess cash deposits paid during the investigation." Def.'s Mot. Dismiss & Dissolve Prelim. Inj. 5 ("Def.'s Mot.").

Pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, any party wishing to challenge Commerce's Final Determination had thirty days to appeal. No parties challenged Commerce's decision,

elaborated upon in the Issues and Decision Mem., to apply the new cash deposit rates only prospectively and not retrospectively.[8]

After publication of the Final Determination, Dorbest submitted allegations of ministerial errors pursuant to 19 C.F.R. § 351.224. Commerce acknowledged that it made ministerial errors, and published an amended final determination and antidumping duty order declaring that Dorbest's final antidumping duty margin was reduced to 7.87%.[9] See Wooden Bedroom Furniture from the People's Republic of China, 70 Fed. Reg. 329, 330 (Dep't Commerce Jan. 4, 2005) (notice of amended final determination of sales at less than fair value) ("Amended Final Determination"). Once again, Commerce issued instructions to Customs to apply the new cash deposit rate prospectively, instructing it to apply the 7.87% rate for subject merchandise entered for consumption on or after January 4, 2005. See Message No. 5033207 from Commerce to CBP Re: Notice of Amended Final Determination and Antidumping Duty Order in, the Antidumping Duty Investigation of Wooden Bedroom Furniture from China (A-570-

_____

[8]The parties did challenge many other issues. See Dorbest Ltd. v. United States, 30 CIT ___, Slip Op. 06-160 (Oct. 31, 2006).

[9]The chart below provides a timeline of the different rates applied to wooden bedroom furniture manufactured by Dorbest and imported into the United States.

| June 24, 2004 - Aug. 4, 2004 | Aug. 5, 2005 - Nov. 16, 2004 | Nov. 17, 2004 - Jan. 3, 2005 | Jan. 4, 2005 - present |
|---|---|---|---|
| 19.24% | 11.85% | 16.70% | 7.87% |

890)(Feb. 2, 2005), A.P.R. Ex. 11.

On January 3, 2006, Commerce published a notice of opportunity to request an administrative review for entries covering the period of June 24, 2005, through December 31, 2005. Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review, 71 Fed. Reg. 89 (Dep't Commerce Jan. 3, 2006). Dorbest, in addition to the petitioners, requested an administrative review on January 31, 2006. Commerce initiated the administrative review on March 7, 2006, covering Dorbest and several other companies. Wooden Bedroom Furniture from the People's Republic of China, 71 Fed. Reg. 11,394 (Dep't Commerce Mar. 7, 2006)(notice of initiation of administrative review of the antidumping duty order). However, both the petitioners and Dorbest withdrew their requests for administrative review; subsequently, Commerce rescinded the review. Wooden Bedroom Furniture from the People's Republic of China, 71 Fed. Reg. 37,539 (Dep't Commerce June 30, 2006). (notice of partial rescission of the antidumping duty administrative review)("Rescission").

In June 2006, after the close of the administrative record, ASI objected to Commerce's failure to make retroactive the amended duty rates. ASI requested that Commerce instruct Customs to refund any excess cash deposit overpayments for entries made between June 24, 2004, and August 4, 2004, and between November 17, 2004, and

January 4, 2005.  See Letter from Grunfield, Desiderio, Lebowitz, Silverman & Klestadt LLP, to Secretary of Commerce, Re: Request for Refund of Excess Estimated AD Deposits: Wooden Bedroom Furniture from the People's Republic of China, (June 8, 2006), Business Proprietary Record Ex. 2; Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, to Secretary of Commerce, Re: Request for Refund of Excess Estimated AD Deposits: Wooden Bedroom Furniture from the People's Republic of China, (June 28, 2006), A.P.R. Ex.17 (stating that Commerce was failing to meet its statutory and regulatory obligations to correct ministerial errors).

In accordance with the Rescission and with 19 C.F.R. 351.212(c)(1)(i)[10], Commerce instructed Customs to assess duties on the subject merchandise at the rate equal to the cash deposit rate applicable to the subject merchandise at the time of entry. Message No. 6205204 from Commerce to CBP Re: Notification of Partial Rescission of Admin. Review & Liq. Inst. for Various Exporters Covered by Antidumping Duty Order on Wooden Bedroom Furniture from China (A-570-890)(July 24, 2006), A.P.R. Ex. 12 ("Customs Message 6205204"). Customs instructed all port directors to liquidate all entries of subject merchandise exported by Dorbest

---

[10]  ASI correctly notes that "Commerce's instructions to liquidate the entries subject to ASI's claim in this appeal were [] issued pursuant to Commerce's 'automatic assessment' policy," found at 19 C.F.R. § 351.212(c)(1).  Pl.'s Resp. Mots. Dismiss 9 n.2 ("Pl.'s Resp.").

and entered for consumption between June 24, 2004 - December 20, 2004 and December 28, 2004 - December 31, 2005 and to assess antidumping duties equal to the deposit rate in effect at the date of entry. See Message No. 6205205 from Commerce to CBP Re: Notification of Automatic Liquidation Instructions for, Various Exporters Covered by the Antidumping Duty Order, on Wooden Bedroom Furniture from China (A-570-890)(July 24, 2006), A.P.R. Ex. 13.

On August 1, 2006, ASI appealed to this court, asserting jurisdiction pursuant to 28 U.S.C. § 1581(i), and moved for a preliminary injunction to which the government consented. On October 17, 2006, the Defendant moved to dismiss and dissolve the preliminary injunction, asserting that the court does not possess jurisdiction to entertain this claim under 28 U.S.C. § 1581(i). Defendant-Intervenor filed a similar motion on August 28, 2006.

## DISCUSSION

Subsection 1581(i)(4) of Title 28 of the United States Code is a "broad residual jurisdictional provision[,]" Miller & Co. v. United States, 824 F. 2d 961, 963 (Fed. Cir. 1987); nevertheless, this subsection "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Norcal/Crosetti Foods, Inc. v. United States, 963 F.

2d 356, 359 (Fed. Cir. 1992) (quoting <u>Miller & Co.</u>, 824 F. 2d at 963; citing <u>National Corn Growers Ass'n v. Baker</u>, 840 F. 2d 1547, 1557 (Fed. Cir. 1988))(emphasis in original); <u>see also</u> <u>Int'l Custom Products, Inc. v. United States</u>, 467 F. 3d 1324, 1327 (Fed. Cir. 2006); <u>cf.</u> <u>Ceramica Regiomontana, S.A. v. United States</u>, 5 CIT 23,26, 557 F. Supp. 596, 600 (1983)(jurisdiction lies under Section 1581(i) where the decision challenged was not made during a proceeding that would produce a determination reviewable under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)); <u>see also</u> <u>Am. Air Parcel Forwarding v. United States</u>, 718 F. 2d 1546 (Fed. Cir. 1983); <u>United States v. Uniroyal Inc.</u>, 687 F. 2d 467, 471 (CCPA 1982); <u>cf.</u> <u>Norsk Hydro Canada, Inc. v. United States</u>, Appeal Nos. 06-1044, 06-1052, at 14-16 (Fed. Cir. Dec. 14, 2006)(Unlike section 1581(i) cases, the one-time availability of (a) jurisdiction does not foreclose the current availability of (c) jurisdiction).

ASI claims that it is challenging "Commerce's liquidation instructions to [Customs], and Commerce's refusal to instruct Customs to make corrections for those entries made by ASI using a deposit rate that Commerce had acknowledged was in error." Pl.'s Resp. 7 (emphasis omitted). As 28 U.S.C. § 1581(i)(4) confers jurisdiction on the court for claims against the United States arising out of any law providing for "administration and enforcement" with respect to matters referred to in subsections (a)-(h) of 28 U.S.C. § 1581, <u>see</u> 28 U.S.C. § 1581(i), ASI avers its

challenge to Commerce's liquidation instructions relates to the administration and enforcement of Commerce's antidumping duty determination, and therefore no action would lie under 28 U.S.C. § 1581(c).  Pl.'s Resp. 8.  Therefore, ASI contends, the action is properly before the court under 28 U.S.C. § 1581(i).  Id.

Defendant and Defendant-Intervenor challenge ASI's assertion of section 1581(i) jurisdiction on two bases.  First, Defendant claims that ASI's failure to request and pursue an administrative review, a review appealable pursuant to section 1581(c), represents ASI's abandonment of a remedy that would have been available under section 1581(c).  Def.'s Mot. 12-14. Secondly, Defendant and Defendant-Intervenor argue that ASI's failure to challenge Commerce's refusal-- in the Issues & Decision Mem. adopted in the Final Determination-- to adjust cash deposit rates retrospectively, bars ASI from seeking relief under section 1581(i), because ASI could have sought relief under 28 U.S.C. § 1581(c) by challenging Commerce's final determination.  Id. at 11-12.

ASI supports its assertion that this action is properly brought under section 1581(i) by noting that Commerce's issuance of liquidation instructions is not a reviewable determination under 19 U.S.C. § 1516a, and therefore cannot be challenged in front of the Court of International Trade under 28 U.S.C. § 1581(c).  Pl.'s Resp. 8.  Therefore, ASI claims, because Commerce's decision is related to the enforcement and administration of a matter that

would normally fall under section 1581(c), but cannot be challenged under section 1581(c), an appeal must be available pursuant to section 1581(i).

To further bolster its assertion that this case is properly brought before the court through section 1581(i), ASI points to decisions of the Federal Circuit that stand for the proposition that challenges to Commerce's liquidation instructions may not be brought under 28 U.S.C. § 1581(a) or (c).  These cases reflect instances where parties failed to request an administrative review, and then challenged Commerce's liquidation instructions under section 1581(i).   See Pl.'s Resp. 9-11; Mitsubishi Elecs., 44 F. 3d 973 (finding that a challenge to Commerce's automatic assessment policies was properly brought under section 1581(i), when a party failed to avail itself of the opportunity for an administrative review, but finding the challenge barred under the two year statute of limitations); Consolidated Bearings Co., 348 F. 3d 997(finding that because Consolidated did not challenge the final results, section 1581(c) was not and could not have been a source for jurisdiction in that case); see also Shinyei Corp of Am. v. United States, 355 F. 3d 1297 (Fed. Cir. 2004) (finding jurisdiction under section 1581(i) when the issued liquidation instructions were alleged to be non-conforming with the final results of the

administrative review).[11]  However, as noted by Defendant and Defendant-Intervenor, there is one clear difference between those cases and the case before this court.  Here, Commerce concluded in its final determination that it would not change the cash deposits retroactively, and that there was a statutorily established means for "addressing cash deposits that interested parties believe are not an accurate estimate of the duties to be assessed," i.e., a request for administrative review.  Issues & Decision Mem., A.P.R. Ex. 5 at 336 (Cmt. 76).  Therefore, ASI's complaint necessarily challenges a finding or conclusion, within the meaning of 19 U.S.C. § 1516a(a)(2)(A), that is appealable pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i); accordingly, the appropriate avenue for appeal of such a determination was a challenge pursuant to 28 U.S.C. § 1581(c).[12]  See Norsk Hydro, Appeal Nos. 06-1044, 06-1052 at 17

---

[11]Most recently, this court recognized jurisdiction under 28 U.S.C. § 1581(i) to hear a challenge to 19 C.F.R. § 351.212, the automatic assessment regulation also at issue in this case. See Mittal Canada, Inc. v. United States, 30 CIT __, Slip Op. 06-143 (Sept. 22, 2006).  Mittal, however, was the result of a challenge to the automatic assessment regulation as applied to importers undergoing a changed circumstances review. Id.  The court found that the regulation, as applied there to changed circumstances reviews, was neither internally inconsistent nor unreasonable. Id. at 10,16.

[12]Unlike Shinyei, in which the plaintiff alleged that Commerce failed to comport with its stated intentions in the final determination, here ASI makes no such claim.  See Shinyei 355 F. 3d at 1302, n.2; Pl.'s Compl. Nor could it.  In this instance Commerce's liquidation instructions were based on, and in line with, its statements in the Issues & Decision Mem. accompanying the final determination.

(Commerce's legal conclusion in the administrative process that it did not have the legal authority to remedy a deemed liquidation was "subject to judicial review under 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 1581(c)").

As the Federal Circuit explained in <u>Norsk Hydro</u>, analysis of jurisdiction requires determination of the "true nature of the action in district court." <u>Norsk Hydro</u>, Appeal Nos. 06-1044, 06-1052 at 13 (citing <u>Williams v. Sec'y of Navy</u>, 787 F. 2d 552, 557 (Fed. Cir. 1986)).   Here, the true nature of ASI's action was properly stated under section 1581(c). Commerce's instructions followed, and did not deviate from, its amended Final Determination.   Therefore, the court cannot entertain this claim under section 1581(i).

ASI contends that it could not actually have challenged Customs' liquidation of goods at the cash deposit rate, because it is challenging Commerce's liquidation instructions to Customs and not "Commerce's determination that Dorbest made sales at less than fair value or Commerce's decisions and methodologies used in its calculation of Dorbest's dumping margin . . ." or "to accept or reject the various ministerial error allegations made by Dorbest in the dumping investigation . "  Pl.'s Resp. 7.  Unfortunately, ASI is ignoring the line drawn by the regulations.  Commerce issued liquidation instructions to Customs in accordance with 19 C.F.R. § 315.212(c).  Those instructions provide for the liquidation of

goods at the rate equal to the cash deposit rate required at the time of entry. 19 C.F.R. § 315.212(c). Therefore, a refusal on Commerce's part to instruct Customs to apply the new cash deposit rates retroactively, in the absence of an administrative review, leads to a liquidation of goods at the existing cash deposit rates under the automatic assessment regulation. ASI's distinction between cash deposit rates and liquidation instructions, in the case at bar, is simply not at issue. The liquidation instructions added nothing to Commerce's amended final determination, but rather simply implemented it.

Defendant-Intervenor correctly characterizes the "true nature" of ASI's claim as a "challenge to Commerce's decision in the final determination that the ministerial error corrections do not apply retroactively [to the date of the preliminary determination]." Def.-Intervenor's Reply Pl.'s Resp. Mots. Dismiss 3. Jurisdiction to hear this claim was provided under 28 U.S.C. § 1581(c), and therefore the court will not entertain the claim under section 1581(i).

**CONCLUSION**

The court therefore grants Defendant's motion and dismisses Plaintiff's claim, in accordance with USCIT R. 12(b)(1), and dissolves the preliminary injunction.  Judgment will be entered accordingly.


                                                /s/Donald C. Pogue
                                                 Donald C. Pogue
                                                     Judge


Dated:     February 14, 2007
           New York, New York

Slip Op. 07-20

UNITED STATES COURT OF INTERNATIONAL TRADE

```
----------------------------x
AMERICAN SIGNATURE, INC.,     :
                              :
            Plaintiff,        :
                              :     Before: Pogue, Judge
        v.                    :     Court No. 06-00252
                              :
UNITED STATES,                :
                              :
            Defendant,        :
                              :
AMERICAN FURNITURE MFRS.      :
COMM. FOR LEGAL TRADE         :
                              :
            Defendant-        :
              Intervenors     :
                              :
----------------------------x
```

**JUDGMENT**

Upon consideration of Plaintiff's complaint, Defendant's motion to dismiss, and all other pertinent papers, and after due deliberation, it is hereby

**ORDERED** that Defendant's motion be granted; and further

**ORDERED** that this action is dismissed; and it is further

**ORDERED** that the preliminary injunction be dissolved.

/s/ Donald C. Pogue
Donald C. Pogue
Judge

Dated:    February 14, 2007
          New York, New York