NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1216

AMERICAN SIGNATURE, INC.,

Plaintiff-Appellant,

v.

UNITED STATES

Defendant-Appellee,

and

AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE,
CABINET MAKERS, MILLMEN, AND INDUSTRIAL CARPENTERS LOCAL 721,
CARPENTERS INDUSTRIAL UNION LOCAL 2093,
IUE INDUSTRIAL DIVISION OF CWA LOCAL 82472,
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS LOCAL 991,
UBC SOUTHERN COUNCIL OF INDUSTRIAL WORKERS LOCAL 2305,
UNITED STEEL WORKERS OF AMERICA LOCAL 193U,
and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,

Defendants-Appellees.

Mark E. Pardo, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, argued for plaintiff-appellant.  With him on the brief was William F. Marshall, of New York, New York.

Michael J. Dierberg, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee, United States.  On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, and Michael D. Panzera, Attorney.  Of counsel on the brief was Natasha C. Robinson, Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, of Washington, DC.

J. Michael Taylor, King & Spalding LLP, of Washington, DC, argued for defendants-appellees, American Furniture Manufacturers Committee for Legal Trade, et al.

Appealed from: United States Court of International Trade

Judge Donald C. Pogue

Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1216

AMERICAN SIGNATURE, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE,
CABINET MAKERS, MILLMEN, AND INDUSTRIAL CARPENTERS LOCAL 721,
CARPENTERS INDUSTRIAL UNION LOCAL 2093,
IUE INDUSTRIAL DIVISION OF CWA LOCAL 82472,
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS LOCAL 991,
UBC SOUTHERN COUNCIL OF INDUSTRIAL WORKERS LOCAL 2305,
UNITED STEEL WORKERS OF AMERICA LOCAL 193U,
and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,

Defendants-Appellees.

_____

DECIDED:  November 30, 2007
_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and MOORE, Circuit Judge.

MOORE, Circuit Judge.

American Signature, Inc. (ASI) appeals from a decision of the Court of International Trade dismissing ASI's complaint for lack of jurisdiction.  American Signature, Inc. v. United States, 477 F. Supp. 2d 1281 (Ct. Int'l Trade 2007).  We

reverse the trial court's dismissal and remand for further proceedings consistent with this opinion.

BACKGROUND

In December 2003, Commerce initiated an antidumping duty investigation of wooden bedroom furniture from the People's Republic of China (PRC).  Due to ministerial errors, a few months after publishing its preliminary determination of cash deposit rates, Commerce published an amended preliminary determination to correct those errors (the rate went from 19.24% to 11.85%).  Accordingly, Commerce issued revised instructions to Customs to collect cash deposits at the amended rates, but only for entries on or after the date of publication of the amended preliminary determination.  Fairmont Designs, an importer of wooden bedroom furniture from the PRC, submitted case briefing requesting that Commerce make its instructions to Customs retroactive to the date that the preliminary determination was published.  In its final determination, Commerce calculated final antidumping margin rates and stated that parties who wished to "obtain accurate assessment of duties where they believe there is a difference between the deposit of estimated antidumping duties and final assessment of antidumping duties" should do so through an administrative review process.  Again, Commerce's rate determination was erroneous.  Recognizing the errors, Commerce issued an amended final determination reducing the rate from 16.70% to 7.87%.  However, in its liquidation instructions, issued according to the "automatic assessment" provision of 19 C.F.R. § 351.212(c)(1), Commerce directed Customs to assess duties at the cash deposit rates in effect at the time of entry.  As a result, for entries between the date of the preliminary determination and the amended preliminary determination, and

for entries between the date of the final determination and the amended final determination, duties were assessed at the cash deposit rates erroneously calculated by Commerce. In short, although Commerce admitted errors in its calculated dumping margins, it did not correct for the overpayment of cash deposits when it issued liquidation instructions.

ASI, an importer of wooden bedroom furniture from the PRC, brought suit against the government in the Court of International Trade pursuant to 28 U.S.C. § 1581(i)(4), challenging the failure of Commerce's liquidation instructions to retroactively apply the reduced margin rates and reimburse for cash deposit overpayments. The trial court dismissed the claim for lack of subject matter jurisdiction concluding that jurisdiction under 28 U.S.C. § 1581(i)(4) was improper. The true nature of ASI's claim, according to the trial court, was a challenge to Commerce's underlying final determination and as such it should have been filed pursuant to 28 U.S.C. § 1581(c). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(5).

ANALYSIS

We review the decision of the Court of International Trade to dismiss this case for lack of jurisdiction de novo. See Juice Farms, Inc. v. United States, 68 F.3d 1344, 1345 (Fed. Cir. 1995). 28 U.S.C. § 1581(i)(4) confers jurisdiction upon the Court of International Trade for claims against the United States arising out of any law providing for "administration and enforcement" with respect to, among others, the imposition of import duties.

In Consolidated Bearings Co. v. United States, we held that liquidation instructions concern the administration and enforcement of Commerce's final

determination and are therefore properly reviewed under § 1581(i)(4). 348 F.3d 997, 1002-03 (Fed. Cir. 2003) ("[A]n action challenging Commerce's liquidation instructions is not a challenge to the final results, but a challenge to the 'administration and enforcement' of those final results.").

The government alleges that the true nature of ASI's claim is a challenge to Commerce's underlying final determination, not the liquidation instructions, given that Commerce rejected Fairmont Designs' request for retroactive application of the amended deposit rates. According to the government, ASI's claim should have been brought under 28 U.S.C. § 1581(c), which confers jurisdiction on the Court of International Trade for adjudicating final reviewable determinations under 19 U.S.C. § 1516a. Because § 1581(i) is a residual jurisdictional provision that is not available when claims are properly brought under other jurisdictional provisions, and because ASI's 30-day statutory time limit for bringing a claim under § 1581(c) has passed, the government argues that ASI's claim must be dismissed for lack of jurisdiction.

We do not agree. The mere fact that Commerce addressed the implementation of antidumping rates in its final determination does not make the implementation itself a reviewable determination under § 1516a. The true nature of ASI's claim remains a challenge to Commerce's liquidation instructions. In light of Consolidated Bearings, we reverse the trial court's dismissal for lack of subject matter jurisdiction and remand this case for further proceedings.