156 F.3d 1358
 Abraham FRIEDMAN, Plaintiff-Appellant,
v.
William DALEY, Secretary of the Department of Commerce,
Department of Commerce, International Trade
Commission, Department of State and
United States Trade
Representative,
Defendants-Appellees.
 No. 98-1148.
 United States Court of Appeals,
Federal Circuit.
 Oct. 5, 1998.
Rehearing Denied Jan. 6, 1999.
 
 Abraham Friedman, of Brooklyn, New York, appearing pro se.
 Velta A. Melnbrencis, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendants-appellees. With her on the brief were Frank W. Hunger, Assistant Attorney General and David M. Cohen, Director. Of counsel were Stephen J. Powell, Attorney, David W. Richardson, Attorney, and Berniece A. Browne, Attorney, U.S. Department of Commerce, Washington, DC.
 Before MAYER, Chief Judge, NEWMAN and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Abraham Friedman seeks review of the August 11, 1997, final judgment of the United States Court of International Trade, Friedman v. Kantor, 977 F.Supp. 1242 (CIT 1997), granting the defendants' motion to dismiss for lack of jurisdiction and denying Friedman's request to transfer the case to a federal district court. We affirm.
 
 
 2
 Friedman is a minority shareholder and General Manager of a Mexican company, which was set up as a maquiladora. Under Mexican law, maquiladoras do not pay tariffs on imports that are incorporated into products exported from Mexico. Friedman is also an investor in a United States company that supplied raw materials to the Mexican company. In 1991, the Mexican government canceled the Mexican company's maquiladora permit, after which the company's landlord prevailed in a suit for delinquent rent payments and took possession of the company's equipment to partially satisfy the judgment. The landlord also obtained a personal judgment against Friedman. Friedman alleges that the cancellation and the legal proceedings were improper and claims that he sought assistance from the defendants, but they refused. He further alleges that this "failure by the responsible government agencies and officials to provide any effective assistance has prevented the business operations in Mexico from reopening." 977 F.Supp. at 1245. He brought suit, with the assistance of pro bono counsel, in the Court of International Trade seeking to compel the defendants to assist him both in getting his maquiladora permit reinstated and with his judicial proceedings, which allegedly are still pending.
 
 
 3
 The Court of International Trade dismissed the case for lack of jurisdiction because it failed to meet the requirements of 28 U.S.C. § 1581(i), which gives the court jurisdiction over, inter alia, civil actions arising "out of any law of the United States providing for ... embargoes." 28 U.S.C. § 1581(i) (1994). The court also held that Friedman lacked standing to bring his claim to compel unlawfully withheld agency action under the Administrative Procedures Act, 5 U.S.C. §§ 702, 706 (1994), because Friedman was not within the zone of interest protected by 15 U.S.C. § 4721(b) (1994) or 19 U.S.C. § 2171(c) (1994). See 977 F.Supp. at 1247-48.[1] Specifically, it explained that Friedman was not an exporter under section 4721(b) and that the United States Trade Representative's broad authority under section 2171(c) to develop and coordinate the implementation of United States trade policy "cannot be construed as intended for the protection of private parties." 977 F.Supp. at 1248. The court further reasoned that, although Friedman was arguably within the zone of interest protected by 22 C.F.R. §§ 101.1 and 101.3 (1997), and therefore, had standing, he failed to show a right to relief because actions of Foreign Service Officers under these regulations are not reviewable under 5 U.S.C. § 701(a)(2) (1994). See id. at 1249-50. Therefore, the court declined to transfer the case to a district court.
 
 
 4
 We review decisions of the Court of International Trade to dismiss a case for lack of jurisdiction de novo. See Juice Farms, Inc. v. United States, 68 F.3d 1344, 1345 (Fed.Cir.1995). We will sustain its decision not to transfer a case pursuant to 28 U.S.C. § 1631 (1994), however, unless the court abused its discretion. See LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed.Cir.1995).
 
 
 5
 Friedman challenges the court's interpretation of section 4721(b)'s zone of interest, arguing that United States businessmen abroad who deal with United States exporters should be within the statute's zone of interest. Section 4721(b)'s statement of purpose explains that the "Commercial Service shall place primary emphasis on the promotion of exports of goods and services from the United States ... and on the protection of United States business interests abroad by carrying out" a list of activities. 15 U.S.C. § 4721(b). Friedman argues that assisting him with his maquiladora permit and the litigation with his landlord would protect a United States business interest. This argument, however, ignores the activities enumerated in the section. Each of the activities, except number (7), which relates to coordinating state and local efforts, requires the Commercial Service to interact with "United States exporters." For the purpose of section 4721, a United States exporter is an entity "that exports, or seeks to export, goods or services produced in the United States." 15 U.S.C. § 4721(j)(3) (1994). Absent from this definition is any reference to those who deal with United States exporters. The court properly held, therefore, that the zone of interests protected by section 4721(b) extends only to exporters.
 
 
 6
 Friedman also argues that he meets the definition of exporter because he was an investor in a United States company that provided raw materials to his Mexican company and specifically alleged in his original complaint that he was an exporter. This allegation was made, however, in connection with his now-abandoned claim that the defendants failed to address his request for antidumping relief. The injury about which Friedman complains in this case is the Mexican government's cancellation of the maquiladora permit and the litigation with his landlord. Both of these injuries relate only to the Mexican company. Friedman admits that the Mexican company "if operational, would be engaged in production of goods for importation into the United States." The allegedly aggrieved party is, therefore, a United States importer not within section 4721(b)'s zone of interest.
 
 
 7
 Although he complains that the court's "argument ... [that the] agency decision can't be chalenged [sic] ... is not fair", we do not understand Friedman to dispute the underlying reasoning leading to the court's conclusion that section 1581(i) does not confer jurisdiction over his case, he does not fall within section 2171(c)'s zone of interest, or the discretionary acts of Foreign Service Officers are unreviewable under section 701(a)(2). To the extent he does so, we see no reversible error in any of these decisions.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 To prevail in his claim, Friedman had to prove that "the injury he complains of (his aggrievement, or the adverse effect upon him) falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (emphasis omitted). In applying this "zone of interest" test, "[t]he essential inquiry is whether Congress 'intended for [a particular] class [of plaintiffs] to be relied upon to challenge agency disregard of the law.' " Clarke v. Securities Indus. Assn., 479 U.S. 388, 399, 107 S.Ct. 750, 93 L.Ed.2d 757 (1987) (quoting Block v. Community Nutrition Inst., 467 U.S. 340, 347, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984))