**JCM, LTD., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 99–1380.

United States Court of Appeals,
Federal Circuit.

April 20, 2000

Arnon D. Siegel, of Washington, DC, argued for plaintiff-appellant. On the brief was David J. Craven, Riggle and Craven, of Chicago, Illinois. Of counsel was David A. Riggle.

Glenn I. Chernigoff, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Erin E. Powell, Trial Attorney. Of counsel on the brief was Patrick V. Gallagher, Jr., Senior Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

**1358**

MAYER, Chief Judge.

JCM, LTD. appeals the judgment of the United States Court of International Trade, 98–05–02248 (March 1, 1999), granting the motion of the United States to dismiss for lack of subject matter jurisdiction. We affirm.

*Background*

On May 12, 1995, Borden Inc., Hershey Foods Corporation and Gooch Foods, Inc., filed a petition with Commerce and the International Trade Commission alleging that pasta from Italy was being sold in the United States at less-than-fair value. *See Initiation of Antidumping Duty Investigations: Certain Pasta from Italy and Turkey,* 60 Fed.Reg. 30268 (1995). Pursuant to written requests by interested parties, on August 25, 1995, Commerce postponed its preliminary determination in the antidumping investigation until December 8, 1995. Upon the International Trade Commission making a preliminary determination that imports of pasta were materially injuring domestic industry, Commerce imposed provisional antidumping measures under 19 U.S.C. section 1673b(d) (1994), suspending liquidation of subsequent entries of the subject merchandise and requiring cash deposits or the posting of a bond at stated rates. *See Notice of Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination: Certain Pasta from Italy,* 61 Fed.Reg. 1344, 1351 (1996). On June 3, 1996, Commerce issued its final determination. *See Notice of Final Determination of Sales at Less Than Fair Value: Certain Pasta from Italy,* 61 Fed.Reg. 30326 (1996).

Because of requests for a delay in making its final determination, Commerce decided that the extension of provisional measures beyond the statutory time limit was necessary. *See* § 1673b(d) (Absent a request for an extension by exporters representing a significant portion of exports of the subject merchandise, provisional measures "may not remain in effect for more than 4 months."). Certain Italian producers and exporters of pasta and importers of the subject merchandise, challenged its authority to impose such an extension. In one such challenge, the Court of International Trade held that the extension of the provisional measures was unlawful and ordered a refund of cash deposits, including interest, for the period from May 18, 1996 through July 24, 1996. *See F.Lli De Cecco Di Filippo Fara San Martino S.p.A. v. United States,* No. 96–08–01930, 1997 WL 615693 (Ct. Int'l Trade Oct. 2, 1997). The judgment was limited to participating parties listed in an appendix attached to the order. *See id.* JCM, an importer of the subject merchandise, was not a listed party and did not participate in this or any similar challenge at Commerce.

On May 27, 1998, JCM filed suit seeking refund of the antidumping duties that it had paid. After the government failed to answer, JCM filed a motion for default judgment or, in the alternative, summary judgment. The government moved for an extension to answer out-of-time, and to dismiss the case for lack of subject matter jurisdiction. In its response to the government's motion to dismiss, JCM asserted that the Court of International Trade had jurisdiction pursuant to 28 U.S.C. section 1581(i) (1994).[1] The government

1. 28 U.S.C. § 1581(i) provides:
   In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies or its officers, that arises out of any law of the United States, providing for—

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than raising revenue;
(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(4) administration and enforcement with respect to matters referred to in para-

replied that because JCM had the opportunity and failed to participate in the administrative proceeding and to secure jurisdiction under 28 U.S.C. section 1581(c) (1994),[2] the court did not have jurisdiction pursuant to section 1581(i). The trial court declined to enter default judgment against the government and granted the government's motion to dismiss.[3] This appeal followed.

## Discussion

■ The grant or denial of a motion to dismiss for lack of jurisdiction is a question of law which we review *de novo*. *See Friedman v. Daley*, 156 F.3d 1358, 1360 (Fed.Cir.1998); *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed.Cir. 1995). "The doctrine of exhaustion of administrative remedies ... provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)). When such remedies have not been exhausted, "judicial review of administrative action is inappropriate." *Sharp Corp. v. United States*, 837 F.2d 1058, 1062 (Fed.Cir.1988). JCM argues that jurisdiction under 28 U.S.C. section 1581(i) was proper because once the International Trade Administration ("ITA") limited the number of respondents involved in its antidumping investigation, section 1581(i) was the only avenue available to it to obtain jurisdiction and challenge the extension of provisional measures by Commerce.

■ In the antidumping context, Congress has prescribed a clear, step-by-step process for a claimant to follow, and the failure to do so precludes it from obtaining review of that issue in the Court of International Trade. *See Sandvik Steel Co. v. United States*, 164 F.3d 596, 599–600 (Fed. Cir.1998); *see also National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555–57 (Fed.Cir.1988). "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another section of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed.Cir.1992) (quoting *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed.Cir.1987)). To allow a party to elect to proceed under section 1581(i), without having first availed himself of the remedy provided by section 1581(c), would undermine the integrity of the clear path Congress intended a claimant to follow. In the words of the analogous *American Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1550 (Fed.Cir.1983), "the traditional avenue of approach to the court ... was not intended to be so easily circumvented, whereby it would become merely a matter of election by the litigant. By artful pleading alone a litigant would be able to change the entire statutory scheme Congress has established." JCM, however, does not challenge the adequacy of the process provided by the statute; instead it disputes its availability. JCM's appeal turns on its proposition that no provision of section 1581 other than 1581(i)

graphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930....

2. 28 U.S.C. § 1581(c) provides:
The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930.

Section 516A, codified at 19 U.S.C. § 1516a, provides that "an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade" to challenge the final antidumping duty determination.

3. We see no reason to disturb the court's denial of JCM's motion for entry of default judgment against the government. *See M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1184 n. 4 (Fed.Cir.1993).

was or could have been available to it to challenge Commerce and obtain relief.

The Court of International Trade has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930, codified at 19 U.S.C. section 1516a. *See* 28 U.S.C. § 1581(c). Such actions are available only to an *"interested party who was a party to the proceeding* in connection with which the matter arose." *Id.* § 2631(c) (1994) (emphasis added). Thus, a plaintiff must not only be an "interested party," but must also be a "party to the proceeding." Section 1677(9) of Title 19 of the United States Code defines "interested party," in pertinent part, as "a foreign manufacturer, producer, or exporter, or the United States importer of subject merchandise. . . ." 19 U.S.C. § 1677(9)(A) (1994). It is undisputed that JCM is such an importer. Commerce defines a "party to the proceeding" as "any interested party . . . which actively participates through written submissions of factual information or written argument, in a particular decision by the Secretary subject to judicial review." 9 C.F.R. § 353.3(*o*) (1995). JCM argues that by not selecting it as a respondent, the ITA foreclosed its opportunity to participate.

As the trial court correctly noted, where the Secretary of Commerce, through the ITA, exercises his statutory authority under section 777A(c) of the Tariff Act of 1930 (codified at 19 U.S.C. section 1677f–1(c)(2)(B) (1994)), and limits the number of respondents in an antidumping investigation, he does not preclude an interested party, not chosen as a respondent, from participating through written submissions to the ITA. *See* 19 C.F.R. §§ 353.38(c) and (d) (1995); 19 U.S.C. § 1677m(g) (1994). Indeed, just such an avenue of participation was used by the Association of Food Industries Pasta Group ("AFI"), an association of United States importers, to challenge the application of provisional measures by Commerce. Had JCM, like AFI, objected and availed itself of review under 19 U.S.C. section 1516a(a)(2)(B)(i), it would have had the right to judicial review under 28 U.S.C. section 1581(c). JCM's

claim of entitlement to share in the relief afforded to others who did participate, is without merit, and its failure to pursue its protest via the remedial path laid by Congress, deprived the Court of International Trade of subject matter jurisdiction.

## Conclusion

Accordingly, the judgment of the Court of International Trade is affirmed.

## *AFFIRMED*