**Slip Op. 08-106**

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| QINGDAO TAIFA GROUP CO., LTD., | : |
| *Plaintiff*, | : |
| v. | : |
| UNITED STATES, | : |
| *Defendant*, | : Court No. 08-00245 |
| and | : |
| GLEASON INDUSTRIAL PRODUCTS, INC. and PRECISION PRODUCTS, INC., | : |
| *Defendant-Intervenors*. | : |

[Motion to Intervene and Motion for Preliminary Injunction denied.]

Dated: October 3, 2008

Adduci, Mastriani & Schaumberg, L.L.P. (Louis S. Mastriani and William C. Sjoberg), for Plaintiff.

Barnes, Richardson & Colburn (David G. Forgue), for Proposed Plaintiff-Intervenor.

Gregory G. Katsas, Assistant Attorney General; Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini); Irene Chen, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Of Counsel; for Defendant.

Crowell & Moring LLP (Matthew P. Jaffe and Alexander H. Schaefer), for Defendant-Intervenors.

**MEMORANDUM OPINION**

RIDGWAY, Judge:

In this action, plaintiff Qingdao Taifa Group Company, Ltd. ("Taifa") challenges the results of the administrative review of the antidumping duty order covering hand trucks and certain parts thereof from the People's Republic of China, for the 2005-2006 period of review. *See* Hand Trucks and Certain Parts Thereof from the People's Republic of China: Final Results of 2005-2006 Administrative Review, 73 Fed. Reg. 43,684 (Dep't of Commerce July 28, 2008); 28 U.S.C. § 1581(c) (2000). Taifa manufactured and exported merchandise subject to the order.

Now pending before the Court is the Motion to Intervene filed by Do it Best Corporation, which is the importer of record of entries of the subject merchandise which were manufactured and/or exported by Taifa. *See* Motion to Intervene ("Motion to Intervene"); Motion for Preliminary Injunction to Enjoin Liquidation of Entries ("PI Motion") at 1. Do it Best seeks status as Plaintiff-Intervenor in this action, "for the limited purpose of securing an injunction against liquidation of its entries" subject to the results of the administrative review here at issue. *See* Motion to Intervene. Do it Best has filed a companion Motion for Preliminary Injunction, which is also pending. *See* PI Motion.

Plaintiff Taifa consents to Do it Best's Motion to Intervene, as well as its Motion for Preliminary Injunction. Both the Government and the Defendant-Intervenors – Gleason Industrial Products, Inc. and Precision Products, Inc. (hereinafter "Gleason") – oppose the Motion to Intervene. *See* Defendant's Response to Do It Best's Motion to Intervene ("Def.'s Intervention Brief"); [Defendant-Intervenors'] Opposition to Do It Best Corp. Motion to Intervene ("Def.-Ints.'

Intervention Brief"). The Government has also separately opposed Do it Best's Motion for Preliminary Injunction. *See* Defendant's Response to Do It Best's Motion for Preliminary Injunction ("Def.'s PI Brief").

For the reasons detailed below, Do it Best's pending motions must be denied.

## I. **The Motion to Intervene as Plaintiff-Intervenor**

Do it Best advances several different theories in an attempt to attain status as a plaintiff-intervenor in this matter. Its efforts, however, are in vain.

### A. Intervention As Of Right

As the Government and Gleason correctly observe, Do it Best has no right to intervene in this action, because it was not a "party to the proceeding" at the agency level, as the applicable statute requires. *See generally* Def.'s Intervention Brief at 1-3; Def.-Ints.' Intervention Brief at 1-2.

The statute provides, in pertinent part:

> Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that –
>
> . . . .
>
> (B)     in a civil action under [19 U.S.C. § 1516a], *only* an interested party who was *a party to the proceeding in connection with which the matter arose may intervene*, and such person may intervene as a matter of right.

28 U.S.C. § 2631(j)(1) (emphases added).     Although the statute defines the term "interested party," it does not define "party to the proceeding." *See* 28 U.S.C. § 2631(k)(1) (defining "interested party"). However, Congress made clear its intent that, "[u]nder the Act information must be

presented to the administering authority . . . during the administrative process for it to be considered by the customs court." S. Rep. 96-249 at 251, *reprinted in* 1979 U.S.C.C.A.N. 381, 637; *see also* JCM, Ltd. v. United States, 210 F.3d 1357, 1360 (Fed. Cir. 2000) (ruling that judicial review of antidumping duty proceedings is limited exclusively to those interested parties who participated in the administrative proceedings at issue). Commerce's regulations therefore define "party to the proceeding" to mean that a party must participate in the relevant agency proceeding by submitting factual information or legal argument in writing:

> "Party to the proceeding" means any interested party that *actively participates*, through written submissions of factual information or written argument, *in a segment of a proceeding*. Participation in a prior segment of a proceeding will not confer on any interested party "party to the proceeding" status in a subsequent segment.

19 C.F.R. § 351.102(b)(36) (2005) (emphases added); JCM, 210 F.3d at 1360 (relying upon Commerce's definition of "party to the proceeding"); *see also* Dofasco Inc. v. United States, 31 CIT ____, ____, 519 F. Supp. 2d 1284, 1288-90 (2007) (denying motion to intervene because interested party's filing of notice of appearance with Commerce, and participation in settlement talks with other interested parties, did not render interested party a "party to the proceeding" at administrative level).

Here, Do it Best candidly concedes that – just as the prospective intervenors in JCM and Dofasco had not participated in the underlying administrative proceedings at issue there – Do it Best "did not participate in the administrative review" at issue in this action. *See* Motion to Intervene at 2. Accordingly, like the prospective intervenors in JCM and Dofasco, Do it Best here lacks "party to the proceeding" status. And, absent "party to the proceeding" status, Do it Best has no right to intervene in this action challenging the results of the administrative proceeding. *See also* Encon

Indus., Inc. v. United States, 18 CIT 867, 868 (1994) (declining jurisdiction where party filed notice

of appearance in antidumping investigation, but submitted no factual information or comments to

Commerce during agency proceedings); Matsushita Elec. Indus. Co. Ltd. v. United States, 2 CIT

254, 257-59, 529 F. Supp. 664, 668-69 (1981) (holding that "interested party" lacked right to

intervene where its participation at agency level was confined to membership in association that

participated in administrative proceeding).

B.  Rule 24(a) of the Rules of This Court

Do it Best maintains that it is entitled to intervene as of right, invoking the language of Rule

24(a) of the Rules of this Court.  Rule 24(a), captioned "Intervention of Right," provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1)
> when a statute of the United States confers an unconditional right to intervene; or (2)
> when the applicant claims an interest relating to the property or transaction which is
> the subject of the action and the applicant is so situated that the disposition of the
> action may as a practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately represented by existing
> parties.

USCIT R. 24(a).

Do it Best first asserts that it is entitled to intervene as of right pursuant to Rule 24(a)(1),

claiming that "[u]nder the terms of § 1516a(c)(2), interested parties must have the opportunity to be

heard by the Court with respect to motions for preliminary injunction[s]."  Motion to Intervene at

2.  Do it Best reasons that "[b]ecause the manufacturer's litigation is the sole judicial vehicle in

which Do it Best Corp.'s interests may be protected, the only available forum for Do it Best Corp.

under § 1561a(c)(2) is the manufacturer's litigation."  *Id*.  Emphasizing that Rule 24(a)(1) provides

for intervention as of right "when a statute . . . confers an unconditional right to intervene," Do it

Best points to § 1561a(c)(2) as the statute which, according to Do it Best, "confer[s] the right to

intervene" under the circumstances presented here. *Id*.

> The statute on which Do it Best pins its hopes provides, in its entirety:

> In the case of a determination described in paragraph (2) of subsection (a) of this
> section by the Secretary, the administering authority, or the Commission, the United
> States Court of International Trade may enjoin the liquidation of some or all entries
> of merchandise covered by a determination of the Secretary, the administering
> authority, or the Commission, upon a request by *an interested party* for such relief
> and a proper showing that the requested relief should be granted under the
> circumstances.

19 U.S.C. § 1516a(c)(2) (emphasis added).  As the Government properly observes, however, the

mere fact "[t]hat the statute [19 U.S.C. § 1516a(c)(2)] limits those allowed to seek injunctions to

'interested part[ies]' does not overcome the statutory limitation to intervention" set forth in 28

U.S.C. § 2631(j)(1)(B), which restricts intervention in cases such as this to only those "interested

parties" who were also *parties to the proceeding* at the agency level.  *See* Def.'s Intervention Brief

at 4 (*citing* 28 U.S.C. § 2631(j)(1)(B)); *see generally* section I.A, *supra*.

As the Government notes, the court may issue injunctions only if it "has jurisdiction over the

parties and the subject matter."  *See* Def.'s Intervention Brief at 4 (*quoting* Asociacion Colombiana

de Exportadores de Flores v. United States, 13 CIT 858, 859, 724 F. Supp. 969, 970 (1989)).  In the

case at bar, the Court lacks jurisdiction to provide the relief that Do it Best seeks, because Do it Best

did not participate as a "party to the proceeding" at the administrative level.  *Id*. at 4-5.  Do it Best's

attempt to use Court Rule 24(a)(1) and 19 U.S.C. § 1516a(c)(2) together as an "end run" around 28

U.S.C. § 2631(j)(1)(B) must fail.

Do it Best's reliance on Court Rule 24(a)(2) is similarly misplaced.  Framing its argument

in the language of that subpart of the rule, Do it Best argues that it "has a clear interest relating to

the transactions that are the subject of this action insofar as Do it Best Corp. is liable for the antidumping duties that will result from the review," and that "*because Do it Best Corp. did not participate in the administrative review*[,] it 'is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest.'" *See* Motion to Intervene at 2 (*quoting* USCIT R. 24(a)(2)) (emphasis added).

In effect, Do it Best paradoxically attempts to assert an entitlement to intervene as of right by pointing to its own failure to take the very action which would have entitled it to intervene as of right – its failure to participate as a "party to the proceeding" at the administrative level. Do it Best's argument would largely eviscerate Congress' mandate in 28 U.S.C. § 2631(j)(1)(B), which (as explained above) expressly restricts intervention in cases such as this to only those "interested parties" who were also *parties to the proceeding* at the agency level.

Accordingly, like its claim based on Rule 24(a)(1) of the Rules of this Court, Do it Best's claim to intervention as of right based on Rule 24(a)(2) also must fail.

### C. Permissive Intervention

Do it Best does not have the option of seeking permissive intervention pursuant to Rule 24(b) of the Rules of this Court. *See* USCIT R. 24(b) (captioned "Permissive Intervention"); Def.'s Intervention Brief at 3-4.

As the court has previously explained, "[a]ccording to the plain meaning of 28 U.S.C. § 2631(j)(1)(B), the right to intervene established thereunder is the *only* means by which [a proposed intervenor] may intervene [in a case such as this] . . . , and that right is an unconditional right." Dofasco, 31 CIT at ____, 519 F. Supp. 2d at 1286 (emphasis added); *see also* Ontario Forest Indus.

Ass'n v. United States, 30 CIT ____, ____ n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006) (explaining

that, "under 28 U.S.C. § 1581(c), intervention may only be sought as a matter of right"); Geum

Poong Corp. v. United States, 26 CIT 908, 910, 217 F. Supp. 2d 1342, 1344 (2002) (stating that,

"[u]nder 28 U.S.C. § 2631(j) . . . , permissive intervention is apparently unavailable in unfair trade

actions brought under 19 U.S.C. § 1516a").  Permissive intervention thus is not available here.

## II.  The Motion for Preliminary Injunction

In its Motion for Preliminary Injunction, Do it Best emphasizes that it is the importer of

record of merchandise which is subject to the relevant antidumping duty order and which was

manufactured and/or exported by the plaintiff in this action, Taifa.  *See* PI Motion at 1.  Do it Best

contends that it is therefore an "interested party" entitled to an injunction pursuant to 19 U.S.C. §

1516a(c)(2), pending the outcome of the instant litigation.  *See id*. at 1-3; section I.B, *supra* (*quoting*

19 U.S.C. § 1516a(c)(2)).

Do it Best acknowledges that the liquidation of its entries is currently enjoined pursuant to

an injunction entered on August 22, 2008, at the behest of Taifa, the plaintiff here.  *See* PI Motion

at 2; Order (entering preliminary injunction) (Aug. 22, 2008); Def.'s PI Brief at 1 n.1.  Do it Best

asserts that it is now "seek[ing] an injunction specifically for its entries, rather than relying on any

other party's injunction to ensure that it, rather than any other party, can monitor and control the

disposition of . . . [those] entries." PI Motion at 2.  According to Do it Best, "[r]egardless of whether

any other injunction may arguably address Do it Best Corp.'s entries . . . [,] Do it Best Corp. has a

statutory right (assuming the other requirements for injunctions are met) to its own injunction." *Id*.[1]

_____

[1]The Government consented to Taifa's motion for a preliminary injunction, which was granted in August of this year.  *See* Def.'s PI Brief at 1 n.1.  However, Gleason has since filed a

As detailed above, however, Do it Best concedes that it did not participate in the underlying administrative review, and thus was not a "party to the proceeding" that is the subject of this action. Accordingly, just as Do it Best may not intervene in this matter, so too it may not obtain an injunction to prevent the liquidation of its entries of subject merchandise. *See generally* sections I.A-I.B, *supra*; Def.'s PI Brief at 1. Contrary to its claims, Do it Best has no "statutory right" – whether under 19 U.S.C. § 1516a(c)(2), or any other statute – to the relief that it seeks here. *See generally* section I.B, *supra* (disposing of Do it Best's attempts to invoke 19 U.S.C. § 1516a(c)(2)).

Indeed, as the Government points out, even if Do it Best's request for a preliminary injunction were to be analyzed pursuant to the standard four-factor test for injunctive relief (as Do it Best urges), Do it Best could not prevail. *See* Def.'s PI Brief at 2. One of the two key factors for preliminary injunctive relief is a showing of a likelihood of success on the merits. *See*, *e.g.*, Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1556 (Fed. Cir. 1994) (identifying "likelihood of success on the merits" and "irreparable harm" as the "two crucial factors"). Here, Do it Best can demonstrate no likelihood of success whatsoever; Do it Best lacks even the right to participate in this action. *See* Def.'s PI Brief at 2. And, if it cannot participate in the litigation, Do it Best obviously cannot "succe[ed] on the merits" of any claims it might otherwise assert.

---

motion seeking to dissolve that injunction, arguing, *inter alia*, that Taifa did not import hand trucks into the United States, and thus did not make any antidumping duty cash deposits on any entries of subject merchandise (and is not itself liable for any such duties, whatever the outcome of this litigation). *See* [Defendant-Intervenors'] Memorandum in Support of Motion to Set Aside Preliminary Injunction at 1-2, 5-7. Gleason contends that Taifa therefore cannot show that it will be irreparably harmed by the liquidation of the subject entries, because – Gleason maintains – Taifa was not the importer of record for those entries. *Id*. at 15. As of this date, the Government has not responded to Gleason's motion.

### III.  <u>Conclusion</u>

For all the reasons set forth above, both Do it Best's Motion to Intervene and its Motion for Preliminary Injunction must be, and hereby are, denied.


<u>/s/ Delissa A. Ridgway</u><br>
Delissa A. Ridgway<br>
Judge

Dated:  October 3, 2008
      New York, New York