Slip Op. 25-132

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GARY L. BARNES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 25-00043 |

## OPINION AND ORDER

[Granting Defendant's motion to dismiss with prejudice.]

Dated: October 6, 2025

Gary L. Barnes, of Green Bay, WI, proceeding pro se.

Justin R. Miller, Attorney-in-Charge, and Luke Mathers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Deputy Director.

Choe-Groves, Judge: Plaintiff Gary L. Barnes ("Plaintiff" or "Barnes") filed this action as a private citizen challenging the constitutionality of tariffs announced and imposed by the President of the United States, Donald J. Trump. Compl., ECF No. 3. Before the Court is the second Motion to Dismiss Plaintiff's Amended Complaint ("Motion") filed by Defendant United States ("Defendant") arguing that

Plaintiff lacks standing to bring this claim.  Def.'s MTD, ECF No. 18.  Plaintiff

filed Plaintiff's Reply to Defendant's Motion to Dismiss Plaintiff's Amended

Complaint.  Pl.'s Resp. Def.'s MTD ("Pl.'s Resp."), ECF No. 19.  Defendant filed

its Reply in Support of its Motion to Dismiss.  Def.'s Reply, ECF No. 20.  For the

following reasons, the Court grants Defendant's second Motion to Dismiss

Plaintiff's Amended Complaint.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural

history of this case.  See Barnes v. United States ("Barnes I"), 49 CIT __ , Slip Op.

25-65, at 1–2 (May 23, 2025).

The Court entered an Opinion and Order on May 23, 2025, concluding that

Plaintiff had not sufficiently pled standing to bring his asserted claims and granting

the first Motion to Dismiss filed by Defendant.  Barnes I, 49 CIT __ , Slip Op. 25-

65 (May 23, 2025); see Def.'s MTD, ECF No. 9.  The Court allowed Plaintiff to

file an Amended Complaint and advised that failure to cure the pleading

deficiencies would result in the dismissal of Plaintiff's Complaint.  Barnes I, 49

CIT at __ , Slip Op. 25-65, at 6 (May 23, 2025).  Plaintiff filed on June 19, 2025,

Plaintiff's Request to Have Judge Jennifer Choe-Groves Reverse Her Decision to

Dismiss ("Pl.'s Am. Compl."), ECF No. 16, which the Court construed as

Plaintiff's Amended Complaint.  See ECF No. 17.

**JURISDICTION AND STANDARD OF REVIEW**

The Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(i).  See

V.O.S. Selections, Inc. v. Trump, 149 F.4th 1312, 1329 (Fed. Cir. 2025), cert.

granted, 2025 WL 2601020, __ U.S. __, __ S.Ct. __, __ L.Ed.2d __ (U.S. Sept. 9,

2025) (No. 25-250) (concluding that the U.S. Court of International Trade has

exclusive subject matter jurisdiction over the challenged Executive Orders).  The

Supreme Court has since granted certiorari in Trump v. V.O.S. Selections, Inc.,

2025 WL 2601020, __ U.S. __, __ S.Ct. __, __ L.Ed.2d __ (U.S. Sept. 9, 2025)

(No. 25-250) with oral argument scheduled for November 5, 2025.

**DISCUSSION**

In order to adjudicate a case, a court must have subject matter jurisdiction

over the claims presented.  Steel Co. v. Citizens for a Better Env't ("Citizens for a

Better Env't"), 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Plaintiff bears the burden of establishing subject matter jurisdiction.  See Norsk

Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (citing

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128

L.Ed.2d 391 (1994)).  Pursuant to U.S. Court of International Trade Rule 12(b), a

litigant may seek to have any or all claims for relief dismissed on the basis that

subject matter jurisdiction is lacking.  USCIT R. 12(b)(1); Fed. R. Civ. P. 12(b)(1).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." USCIT R. 12(h)(3). Whether to dismiss a claim for lack of jurisdiction is a question of law. JCM Ltd. v. United States, 210 F.3d 1357, 1359 (Fed. Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A facially plausible claim is one that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). "[I]f the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate." Airport Road Ass., Ltd. v. United States, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002)). In reviewing a motion to dismiss, the Court accepts as true well-pleaded factual allegations and draws reasonable inferences in favor of the non-moving party. Wanxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021) (citing Hartford Fire Ins. Co. v. United States, 772 F.3d 1281, 1284 (Fed. Cir. 2014)).

Article III standing is a necessary component of the Court's subject matter jurisdiction. Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III."). The doctrine of standing inquires whether "a plaintiff is sufficiently adversary to a defendant to create an [Article] III case or controversy, or at least to overcome prudential limitations on federal-court jurisdiction." Davis v. Passman, 442 U.S. 228, 239 n.18, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

Plaintiff avers incorrectly that "Pro Se litigants should be accorded some leniency" and that "the only deficiency [in Plaintiff's Complaint] is Plaintiff didn't hire a union member of the American Bar Association." Pl.'s Am. Compl. ¶¶ 19–20. Article III limits the adjudicatory authority of the federal courts to only genuine cases and controversies. U.S. Const. art. III, § 2. The U.S. Supreme Court has recognized that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than" this limitation on the Court's jurisdiction. Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). A party's standing to bring a legal action before the federal courts is an essential element of a case or controversy under Article III. Hein v.

Freedom from Religion Found., Inc., 551 U.S. 587, 597–98, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007) (citing ASARCO Inc. v. Kadish, 490 U.S. 605, 613, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989)).  Plaintiff has failed to cite any authority, and the Court is not aware of any, that would support applying a lesser standard of standing for pro se litigants.  See Pl.'s Am. Compl. ¶ 19.  The Court will not adopt the less stringent application of standing that Plaintiff advances.

The "irreducible constitutional minimum of standing contains three elements." Lujan, 504 U.S. at 560, 112 S.Ct. 2130.  A party must demonstrate: (1) that it has suffered "an injury in fact," that is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a "causal connection between the injury and the conduct complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560–61 (internal quotations and citations omitted).  "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" to establish standing.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) (quoting Warth, 422 U.S. at 518, 95 S.Ct. 2197).

To establish an injury in fact, a plaintiff must demonstrate that he has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan,

504 U.S. at 560, 112 S.Ct. 2130 (citations omitted).  A concrete injury is one that is "real, and not abstract."  Spokeo, 578 U.S. at 340, 136 S.Ct. 1540 (internal quote omitted).  A concrete injury may be intangible.  Id. at 340–41, 136 S.Ct. 1540.  A particularized injury is one that affects the plaintiff in a personal and individualized way.  Lujan, 504 U.S. at 560 n.1, 112 S.Ct. 2130.  To be actual or imminent, an injury cannot be speculative and must have either already occurred or be likely to occur soon.  FDA v. All. for Hippocratic Med., 602 U.S. 367, 381, 144 S.Ct. 1540, 219 L.Ed.2d 121 (2024) (citing Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013)).  "[A]llegations of possible future injury are not sufficient" to constitute an actual or imminent injury.  Clapper, 568 U.S. at 409, 133 S.Ct. 1138 (citing Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)).

Plaintiff asserts that "the tariffs are a hidden tax increasing the cost of the products plaintiff purchases thereby reducing his buying potential" and that "manufacturers[ ] and businesses would pass the cost of doing business, caused by the duty taxes those tariffs put in place, on to the consumers."  Pl.'s Am. Compl. ¶¶ 3–4.  Defendant argues that there are no factual allegations in Plaintiff's Amended Complaint establishing that Plaintiff is a member of a group that may have a particularized injury, such as importers, or that he has been injured by incurring specific costs that increased as a result of the imposed tariffs.  Def.'s MTD at 4.

Defendant contends that Plaintiff does not allege: (1) that he is an importer; (2) that he was involved in any way in any import transaction; and (3) that he has paid more, as a result of the challenged tariffs, for any product that he has purchased. Id. Defendant further argues that Plaintiff also fails to demonstrate prudential standing to bring suit. Id. Plaintiff replies that he has suffered an injury in the form of the impact on his purchasing power as a consumer because of the imposed tariffs. Pl.'s Resp. ¶ 15. He notes that consumers are "[t]he final group to pay the duty taxes" and that "[i]mporters and businesses will pass the cost of doing business on to the consumer." Id. ¶ 6. Plaintiff concedes that he is not "trying to vindicate the rights of importers or others" and contends that "[d]uty taxes are the only tax consumers do not know how much they are being assessed." Id. ¶¶ 4, 13. Plaintiff has pled in his Amended Complaint that he is a private citizen concerned about the possibility that costs of goods will increase but has not pointed to a particularized injury as a result of the tariffs. Plaintiff has failed to establish that the fear of higher costs and alleged unconstitutional conduct are particularized. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006); see also Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923) ("The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its

enforcement, and not merely that he suffers in some indefinite way in common with people generally.").

The Court has allowed Plaintiff two chances to fix his Complaint, and Plaintiff has again failed to establish standing by sufficiently pleading that the injury that he might suffer as a consumer is actual or imminent. Imminence is "a somewhat elastic concept, [but] it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." Clapper, 568 U.S. at 409, 133 S.Ct. 1138 (quoting Lujan, 504 U.S. at 564 n.2, 112 S.Ct. 2130). Plaintiff has failed to plead in his Amended Complaint how he has been injured by incurring specific costs that increased as a result of the imposed tariffs. Because Plaintiff has not pled a consumer injury that is more than speculative at this time, the injury claimed is not actual or imminent for purposes of standing.

Even taking Plaintiff's allegations in his Amended Complaint as true and drawing all inferences in his favor, the economic injuries that he alleges as a consumer are speculative and not particularized. For these reasons, the Court concludes that Plaintiff has not satisfied the injury-in-fact element of Article III standing. Because Plaintiff has not sufficiently pled an injury-in-fact, the Court need not probe further into the remaining elements of standing or Defendant's challenge to Plaintiff's prudential standing. If a plaintiff fails to satisfy any

element of Article III standing, the Court cannot reach the merits of the dispute.

Consequently, the Court will not opine on the constitutionality of President

Trump's imposition of tariffs under the IEEPA statute.

## CONCLUSION

Upon consideration of Defendant's Motion to Dismiss, ECF No. 18,

Plaintiff's Reply to Defendant's Motion to Dismiss, ECF No. 19, Defendant's

Reply in Support of its Motion to Dismiss, ECF No. 20, and all other papers and

proceedings in this action, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 18, is granted

and Plaintiff's Amended Complaint, ECF No. 16, is dismissed with prejudice.


                            /s/ Jennifer Choe-Groves
                            Jennifer Choe-Groves, Judge

Date:     October 6, 2025
        New York, New York